# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

FILED
At Albuquerque NM

AUG 3 1 2018

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 18-MJ-2835 |
| JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON | ) ) ) ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___11/2017 to in or about 08/2018___ in the county of ___Santa Fe___ in the ___State and___ District of ___New Mexico___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Violation of 18 U.S.C. $ 371, and | Conspiracy |
| 18 U.S.C. $ 922(g)(5), and $ 2 | Illegal Alien in Possession of a Firearm and Ammunition, Aiding and Abetting. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adelfa Garcia, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **August 31, 2018**

_____
*Judge's signature*

City and state: ___Albuquerque, NM___

Jerry H. Ritter, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| **JANY LEVEILLE, SIRAJ IBN** | ) | |
| **WAHHAJ, HUJRAH WAHHAJ,** | ) | |
| **SUBHANAH WAHHAJ, and** | ) | |
| **LUCAS MORTON,** | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, ADELFA GARCIA, being duly sworn, depose and say as follows:

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI) currently

assigned to the Albuquerque Division, to investigate violations of Federal Law, including

offenses involving firearms in violation of Title 18 of the United States Code.  I have more than

7 years of federal law enforcement experience.

2.      The information set forth in this affidavit has been derived from my own

investigation or communicated to me by other sworn law enforcement officers or from other

reliable sources.  This information is submitted for the limited purpose of establishing probable

cause to believe that JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ,

SUBHANAH WAHHAJ, and LUCAS MORTON have committed a felony in violation of Title

18, United States Code, Sections 922(g)(5) and 2 and that JANY LEVEILLE, SIRAJ IBN

WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON have

1

violated Title 18, United States Code, Section 371. This affidavit therefore does not set forth all of my knowledge about this matter.

3.      JOHN DOE 1 was the biological child of SIRAJ IBN WAHHAJ (IBN) and his wife by lawful marriage, JANE DOE. According to a statement JANE DOE provided to the FBI on December 14, 2017, Jane Doe and IBN were married in 2004 in Morocco.

4.      JOHN DOE 1 was born with Hypoxic Ischemic Encephalopathy (HIE). As a result of this condition, JOHN DOE 1 was developmentally delayed, and he walked with a limp and had frequent seizures.

5.      According to open source reporting, IBN previously performed security work in Brooklyn, New York.

6.      IBN has two sisters, SUBHANA and HUJRAH. HUJRAH has one child. SUBHANAH has four children and is married to LUCAS MORTON (MORTON).

7.      IBN is involved in a relationship with JANY LEVEILLE (JANY). JANY is a citizen of Haiti residing in the United States without a current immigration status. According to the U.S. Immigration and Customs Enforcement, Department of Homeland Security, JANY is an alien and has been living in the United States unlawfully since in or about December 1998. JANY has six children, including JOHN DOE 2 and JOHN DOE 3.

8.      JAMELLA AMAULAH JIHAD (JAMELLA) (born 1962) is married to IBN's father. According to information JAMELLA provided to the FBI in December 2017, IBN and others in the family knew JANY wanted to marry IBN so that JANY could have status to remain in the United States.

9.      According to a witness statement, JANY became pregnant at the same time that JANE DOE became pregnant with JOHN DOE 1. JANY's pregnancy soon failed. In or about

December 2017, in Georgia, JANY formed the belief that JANE DOE became pregnant only by engaging in "black magic" that resulted in JANY's baby being transferred from JANY into JANE DOE's womb. JANY understood JANE DOE to be barren and thus claimed that JOHN DOE 1 was her child.

10. According to a statement by JOHN DOE 3, JANY believed she received messages and directions from God. According to JOHN DOE 3, JANY recorded these messages, including in journals that she kept with her. The FBI, Santa Fe RA, has reviewed these journals and they corroborate many of the statements made by JOHN DOE 2 and JOHN DOE 3 in their interviews with the FBI.

11. According to a witness statement, in or about November and December 2017, before JANY and the others left Georgia for New Mexico, JANY directed IBN to take JOHN DOE 1 and bring him to her. According to JOHN DOE 3, it was at or about this time that, "We was (sic) ordered [to leave Georgia and] to go to New Mexico."

12. According to witness JOHN DOE 3, JANY together with her children and IBN took JOHN DOE 1 in her vehicle and drove from Georgia to New Mexico in December 2017. According to JOHN DOE 3, JANY explained that she wanted to take JOHN DOE 1 to New Mexico to perform an exorcism on him, to cast the demons from his body, after which he would come to life as Isa (an Islamic term for Jesus Christ). JANY explained that Isa would then instruct JOHN DOE 3 and the others on what corrupt institutions they needed to get rid of. JOHN DOE 3 explained that those institutions were teachers, military, law enforcement, and financial institutions. JOHN DOE 2 and JOHN DOE 3 stated that "get rid of" meant that those who did not believe as they did would be killed or imprisoned.

13.     According to information provided to the FBI by an Alabama State Trooper, on December 13, 2017, while en route to New Mexico, IBN crashed a silver 2004 Ford Explorer bearing Georgia license plate RGE8599 in Alabama. The vehicle was registered to JANY. At the time of the accident, there were five firearms, a bullet-proof vest, and a bag of ammunition in the vehicle. MORTON arrived in a large box truck and helped IBN remove the firearms from the vehicle. IBN told the Alabama State Trooper that he was traveling from Georgia to New Mexico to go camping. There were nine people in the vehicle at the time of the accident: two adults and seven juveniles. JOHN DOE 3 stated in an interview that he, IBN, JANY, and JOHN DOE 1 were in the vehicle at the time of the crash. IBN stated that the vehicle involved in the crash was owned by JANY. JANY told the Alabama State Trooper that they were traveling from Georgia to New Mexico to see land owned by IBN's brother-in-law.

14.     Sometime in December 2017, the Clayton County Police Department obtained a letter IBN wrote to his brother. The letter states, in part:

> . . . Allah says He will protect you always, so follow, until He makes you
> a martyr as you wanted and the only way is by joining the righteous [us].
> You will meet Isa also here in about 4 months in sha Allah. So hurry, do
> NOT drag your feet, leave whatever we told you to leave and follow what
> brother Luqman is telling you. Take all your money out the bank and
> bring your guns . . . .

15.     MICHAEL LOUIS-JACQUES (MICHAEL) (born 1978) resides in Brooklyn, New York. As reported by MICHAEL to the FBI, a letter from JAMELLA sent to MICHAEL in January 2018 stated that IBN called himself the messenger. According to this letter as reported

to the FBI, JANY believed the Messiah and Antichrist are coming in four months. The letter also allegedly stated that JANY was trying to recruit individuals to their group.

16. On January 9, 2018, an Adult Warrant was issued by the Juvenile Court of Clayton County, Georgia in Case No. 053118-00-01, that stated IBN absconded with JOHN DOE 1 on or about December 1, 2017, and the whereabouts of the child were unknown. The warrant further stated that JANE DOE stated that JOHN DOE 1 had medical conditions and required constant attention and that IBN made it known before absconding that he wanted to perform an exorcism on JOHN DOE 1 because he believed JOHN DOE 1 was possessed by the devil. The warrant also directed any and all law enforcement to take IBN into custody and place him in the common jail of Clayton County, Georgia.

17. Based on multiple sources, from in or about December 2017 until August 3, 2018, JANY, IBN, MORTON, SUBHANAH, HUJRAH, JOHN DOE 2, JOHN DOE 3, and nine other children lived on a property that was situated off 55 Panorama Boulevard, Amalia, New Mexico (the "Compound"). A wooden frame was built around the hole and plastic tarps were placed on top to provide shelter. The home was surrounded by a tire wall. Within the Compound was a 100 foot tunnel dug into the ground which was used for storage of various items to include firearms, notebooks, and perishables. To the rear of the Compound was a homemade firing range with targets which was backed by a tire wall filled with sand. On the main entry to the Compound a storage shed was built. In an interview with the FBI, JOHN DOE 3 stated that JANY was the head of the household.

18. According to a statement by JOHN DOE 3, IBN was well trained in firearms and military tactics and instructed JOHN DOE 2 and JOHN DOE 3 and others in firearms and

military tactics, including tactical reloads, disarmament techniques, clearing buildings, rapid reloads, and hand-to-hand combat.

19. According to a statement by JOHN DOE 3 to the FBI, JANY ordered IBN to recite scripture over JOHN DOE 1, and IBN did so on a regular basis. JANY explained that the purpose of these prayers was to cast the demons from JOHN DOE 1's body. During the course of this ritual, JOHN DOE 1 would sometimes froth at the mouth and choke. JOHN DOE 3 personally witnessed IBN engage in the ritual in which JOHN DOE 1's heart stopped. JOHN DOE 2 stated that JOHN DOE 1 died in or about February 2018. According to JANY's journals, JOHN DOE 1 died on or about December 24, 2017, under circumstances similar to those described by JOHN DOE 3 in his interview.

20. According to a statement by JOHN DOE 2, JOHN DOE 2 was told by JANY and others at the Compound not to talk to anyone about JOHN DOE 1 ever being at the Compound because they would "all go to jail."

21. According to JOHN DOE 2, IBN wanted to get an army together and train them to conduct what he called "jihad." JOHN DOE 2 explained that jihad meant to kill people for Allah. Both JOHN DOE 2 and IBN were training in arms and weapons at the Compound. When JOHN DOE 1 eventually came back as Isa, JANY's instructions were that JANY, JOHN DOE 2 and IBN would go to visit corrupt institutions or individuals to talk to them. If JANY interpreted any of them as non-believers, IBN and JOHN DOE 2 would be instructed to kill them. During their training, JOHN DOE 2 saw JANY train with a gun once and fire it at the Compound.

22. On August 3, 2018, law enforcement from the Taos County Sheriff's Office (TCSO) executed warrants on the Compound. According to a statement by JOHN DOE 2 to the FBI, IBN, MORTON, and JOHN DOE 2 armed themselves and were ready to defend the

Compound. Before any shots were fired, JANY instructed IBN and the others to surrender. Per a statement by JOHN DOE 2, he [JOHN DOE 2] never intended to shoot anyone.

23.     JANY would be considered unlawfully in the United States when her visa expired, in other words, six months after her entry into the United States as a B2 Visitor on June 24, 1998. At present, JANY does not have any pending applications and no pending deferred action.

24.     On June 24, 1998, JANY entered the United States at New York City, NY as a non-immigrant B-2 visitor and was admitted for a period not to exceed six (6) months. After this B-2 visa expired, JANY received no subsequent visas or authorization to remain in the United States.

25.     On March 6, 2017, JANY submitted an I-765, Application for Employment Authorization. On April 20, 2017, United States Customs and Immigration Service (USCIS) approved the application.

26.     On April 16, 2018, JANY's Employment Authorization Document (EAD) expired. No new application has been filed.

27.     On May 1, 2017, JANY submitted an I-485 application to adjust her status. On June 29, 2018, the USCIS sent JANY a rejection notice.

28.     USCIS Atlanta confirmed that JANY's I-485 application for permanent residency was denied. JANY abandoned her application by failing to appear to two scheduled interviews. At the present time JANY is without lawful status.

29.     The following firearms were recovered from the Amalia compound:

(a)   A Marlin 336R 30-30 caliber rifle having serial number R2898. There was no purchaser information for this firearm.

(b)  A Glock 17Gen4 9 mm pistol having serial number BDLC017 and purchased by IBN.

(c)  A Glock 26Gen4 9 mm pistol having serial number BEUV018 and purchased by HUJRAH.

(d)  A Kimber Pro Aegis II 9 mm pistol having serial number KRF7874 and purchased by IBN.

(e)  A Ruger SP101 .357 caliber revolver having serial number 575-55758 and purchased by IBN.

(f)  A Sanayi CZ 612 HC-P 12 gauge shotgun having serial number 1166A12 and purchased by IBN.

(g)  A Smith & Wesson 642 .38 caliber revolver having serial number CVB3274 purchased by IBN.

(h)  A HS Products XD40 .40 caliber pistol having serial number US411172 and purchased by IBN.

(i)  A Glock 42 .380 caliber pistol having serial number ABDB288 and purchased by IBN.

(j)  A Savage 10 .308 caliber rifle having serial number H602915 and purchased by IBN.

(k)  A Bushmaster XM15-E2s .223 caliber rifle having serial number BFI659484 and purchased by IBN.

Each of these firearms meets the federal definition of firearm under 18 U.S.C. § 921(a)(3), and each travelled in interstate commerce.

30.     Also recovered from the compound was a large quantity of ammunition, a number of high-capacity magazines, a bullet-proof vest, and other firearms accoutrement.

31.     Based on available information, all but one of the firearms were purchased in Georgia and one was purchased from a Connecticut dealer. Evidence suggests the firearms were transported from Georgia to New Mexico. As noted above, at least five of these firearms were transported in JANY's Ford Explorer in Alabama. The firearms were then transported in the back of a box truck, in which the children and others traveled, from Alabama to New Mexico. After the group's arrival in New Mexico, the firearms were kept in a number of locations, including under JANY's bed and in one of the Compound's tunnels, and were kept unsecured and readily accessible by all persons residing in the Compound.

32.     Based on the information set forth in this affidavit, I submit that there is probable cause to believe:

(a)  that at least from in or about November 2017 and continuing thereafter until at least in or about August 2018 in the District of New Mexico and elsewhere, JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON, defendants herein, did knowingly conspire, combine, confederate and agree with each other and act interdependently with one another to knowingly provide JANY LEVEILLE, defendant herein, an alien who was illegally and unlawfully in the United States, possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 2, and that in furtherance of the conspiracy, and to effect the objects thereof, JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON, defendants herein, committed overt acts, as stated herein, within the District of New Mexico and elsewhere, in violation of 18 U.S.C. § 371.

(b)     that on or between December 2017 and August 2018, in Taos County, in the District of New Mexico, the defendant, JANY LEVEILLE, being an alien illegally and

unlawfully in the United States, knowingly possessed, in and affecting commerce,

firearms and ammunition and that SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ,

SUBHANAH WAHHAJ, and LUCAS MORTON, did aid and abet her possession, in and

affecting interstate commerce, of firearms and ammunition,

In violation of 18 U.S.C. §§ 922(g)(5) and 2.

I swear that this information is true to the best of my knowledge and belief.

Respectfully submitted,

ADELFA GARCIA
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 31st day of August 2018.

JERRY H. RITTER
United States Magistrate Judge