IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      **Plaintiff,**

      **v.**                             **No. 18-CR-2945 WJ**

**SIRAJ WAHHAJ,**

      **Defendant.**

## DEFENDANT SIRAJ WAHHAJ'S MOTION TO LIFT STAY OF PROCEEDINGS AS TO SIRAJ WAHHAJ AND REQUEST FOR A SCHEDULING CONFERENCE

**COMES NOW** Defendant Siraj Wahhaj by and through his counsel of record, Thomas Clark, Esq., and Erlinda O. Johnson, Esq., and hereby moves this Court for an order lifting the stay of proceedings as to Siraj Wahhaj and request for a scheduling conference to set deadlines for litigation as to Mr. Wahhaj. In support thereof, Mr. Wahhaj submits the following:

## INTRODUCTION

On August 5, 2018, Mr. Wahhaj was arrested and charged in the Eighth Judicial District Court in Taos, New Mexico with 10 counts of child abuse. Mr. Wahhaj was held in custody. On August 31, 2018, the state case against Mr. Wahhaj was dismissed by the state of New Mexico. On August 31, 2018, Mr. Wahhaj was arrested by federal authorities and transferred to federal court for prosecution.

On August 31, 2018, the Federal Bureau of Investigation (FBI) filed a criminal complaint before this Court charging Mr. Wahhaj with aiding an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 2 and 922(g)(5) and conspiracy, in violation of 18 U.S.C. § 371. Mr. Wahhaj was ordered to remain in the custody of the United States Marshal Service, pending trial. On September 11, 2018, a grand jury issued an indictment charging Mr. Wahhaj with conspiracy

to provide an alien unlawfully in the United States with a firearm, in violation of 18 U.S.C. § 371. On October 3, 2018, the Court designated the case complex for purposes of the Speedy Trial Act. (doc. 49) On December 11, 2018, the Court issued a scheduling order setting forth deadlines in the case and a trial for April 13, 2020. (doc. 74)

On March 14, 2019, a federal grand jury issued a superseding indictment, charging the defendants with a number of new charges, including providing material support to terrorists. (doc. 85) On April 5, 2019, the Court issued an amended scheduling order which set new deadlines for motions but maintained the trial for April 13, 2020. (doc. 95) On November 12, 2019, the parties filed a joint motion to amend the scheduling order. (doc. 167) On December 17, 2019, the Court issued a second stipulated scheduling order, scheduling trial for October 14, 2020. (doc. 172)

On January 23, 2020, counsel for Defendant Hujrah Wahhaj filed a motion for a psychiatric evaluation to determine competency. (doc. 176) During the pendency of the case, Defendants Leveille, Morton and Subhannah Wahhaj have filed, through counsel, motions to determine competency. On February 11, 2020, defendants Morton, Subhannah Wahhaj, Hujrah Wahhaj and Jany Leveille, through counsel, filed an unopposed motion to stay proceedings while the issues of their competency are resolved. (doc. 189) Defendant Siraj Wahhaj noted, through counsel, non-opposition to the other defendants' motion to stay proceedings. The Court granted the motion on February 18, 2020, and the case has been stayed since that date. (doc. 192) However, at the time of his non-opposition to defendant Leveille, Morton, Subhannah Wahhaj and Hujrah Wahhaj's motion to stay proceedings (doc. 189), Mr. Wahhaj did not foresee the extraordinary delay that would be occasioned not only by various competency issues of the co-defendants but also by the current covid-19 worldwide pandemic.

Upon conferring with counsel for the other defendants, counsel for Mr. Wahhaj have learned that it is unknown when the issues of competency as to all the other defendants will be resolved. It could take months or years for the other four defendants to be able to proceed to trial. Meanwhile, Mr. Wahhaj who is competent will be subjected to unnecessarily lengthy pretrial incarceration, in violation of his right to due process. Accordingly, Mr. Wahhaj now withdraws his non-opposition to the motion to stay proceedings and respectfully moves this Court for an order lifting the stay as to Siraj Wahhaj, to schedule a scheduling conference and to set deadlines so that his case may proceed without further delay.

## ARGUMENT

### Further Delay as to Mr. Wahhaj Until Competency is Resolved as to all the Other Defendants will Result in a Violation to Mr. Wahhaj's Sixth Amendment Right to a Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." The right to a speedy trial protects not just the interests of the defendant, but also the "societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). "The general rule is that the speedy trial right attaches when the defendant is arrested or indicted, whichever comes first." *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004). Over time, the Supreme Court has "distilled the defendant's interest in a speedy trial to three ingredients: 'to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" *United States v. Ghailani*, 733 F.3d 29, 41 (2d Cir. 2013) (quoting *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986)). Both the court and the government have an "affirmative obligation" to the defendant and the public generally "to bring

3

[a case] on for trial promptly, rather than permitting delay for whatever reason to drag on. . . ."

*United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 377 (2d Cir. 1979); *see also*

*United States v. Seltzer*, 595 F. 3d 1176 (10th Cir. 2010).

Here, Mr. Wahhaj, the only legally competent defendant in this case, at this time, has a

fundamental constitutional right to a speedy trial and to be free from punitive pretrial

incarceration. Although the Court declared the case complex for purposes of the Speedy Trial

Act, Mr. Wahhaj continues to enjoy a fundamental Sixth Amendment right to a speedy trial. This

case has been pending for nearly two years and as far as Mr. Wahhaj is concerned, it is not

expected that a trial date is forthcoming anytime soon. Given the reality that competency issues

relating to the co-defendants may take months or even years to resolve, Mr. Wahhaj respectfully

moves this Court for an order lifting the stay of proceedings as to him and to set a scheduling

conference as soon as possible.

### Further delay in Bringing Mr. Wahhaj's Case to trial will Also Result in a Violation to his Right to Due Process

It is a violation of due process to punish a pretrial detainee before a lawful conviction.

*See United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987)(recognizing that there is a "point at

which detention in a particular case might become excessively prolonged, and therefore punitive

in relation to Congress' regulatory goal."). The Tenth Circuit has held that detention of a

criminal defendant pending trial violates due process when the detention is excessively

prolonged and is not regulatory, but punitive. *See, e.g., Peoples v. CCA Det. Centers*, 422 F.3d

1090, 1106 (10th Cir. 2005) opinion vacated in part on other grounds on reh'g en banc, 449 F.3d

1097 (10th Cir. 2006); *United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006)

(unpublished) (stating that "due process may require a release from pretrial detention or, at a

minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142.")(quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986)).

In Mr. Wahhaj's case, even though the case has been declared complex, his pre-trial detention has been lengthy. Additional delay occasioned by the legal competency issues of the co-defendants is expected to be lengthy and therefore, it will inevitably result in a violation of Mr. Wahhaj's right to Due Process. Since Mr. Wahhaj is legally competent, any further delay as to him dangerously imperils his Constitutional rights. At this time, it is unknown how much additional time will be required to resolve the competency issues of the co-defendants. Therefore, the Court must consider this factor in lifting the stay as to Mr. Wahhaj and allow the case to proceed as to him as he is legally competent and there is no justification for delaying or staying the case as to Siraj Wahhaj.

Assistant U.S. Attorney Kimberly Brawley, counsel for the government, opposes Mr. Wahhaj's motion to lift the stay as to Siraj Wahhaj.

Wherefore, for the foregoing reasons, Siraj Wahhaj respectfully moves this Court for an Order lifting the stay of proceedings as to Siraj Wahhaj and schedule a scheduling conference to set deadlines for litigation.

Respectfully Submitted,

*/s/Thomas J. Clark*
Thomas J. Clark
Counsel for Siraj Wahhaj
432 Galisteo Street
Santa Fe, NM 87501

 electronically filed
Erlinda O. Johnson
Counsel for Siraj Wahhaj
620 Roma Ave. N.W.
Albuquerque, NM 87102
(505) 792-4048

I hereby certify that a true and
Correct copy of the foregoing was
Served on counsel for the government
Via CM-ECF on this 14th day of
July 2020.

*Electronically filed 7/14/ 2020*
Erlinda O. Johnson