IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-CR-2945 WJ |
| ) | |
| SIRAJ WAHHAJ, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SIRAJ WAHHAJ'S MOTION TO LIFT STAY OF PROCEEDINGS AS TO SIRAJ WAHHAJ AND REQUEST FOR A SCHEDULING CONFERENCE**

Citing Speedy Trial Act and Sixth Amendment concerns, Defendant Siraj Wahhaj ("Siraj") asks the Court for an order lifting the stay of proceedings as to Siraj and for a scheduling order that sets "deadlines so that his case may proceed without further delay." The United States opposes this motion for the reasons set forth below.

### I.  BACKGROUND

#### A.  The Initial Proceedings

The United States initiated this case by complaint filed on August 31, 2018, charging Siraj and four others with violation of 18 U.S.C. § 371, conspiracy to provide firearms to a person unlawfully in the United States. (Doc. 1.) This was followed by an indictment charging the same offenses. (Doc. 25.) Siraj was arrested on August 31, 2018, and first appeared before a judicial officer of this Court on September 4, 2018. (Doc. 13.) He was arraigned on

1

September 12, 2018, and the detention hearing was concluded with an order detaining Siraj pending trial.  (Docs. 32, 33, 38.)   On October 3, 2018, the Court granted an unopposed motion for complex case designation, (Doc. 49), and subsequently entered a stipulated scheduling order, setting trial for April 13, 2020.   (Doc. 74.)

### B.  The Pending Charges

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against Defendants, alleging violations of 18 U.S.C. §§ 371 (conspiracy), 922(g)(5) (possession of firearms by person unlawfully in the United States), 1117 (conspiracy to murder a federal employee), 1201 (kidnapping), and 2339A (conspiracy and material support of a terrorist).  (Doc. 85.)   Siraj is charged in five of these counts with violations of 18 U.S.C. §§ 2339A (Conspiracy to Provide Material Support to Terrorists); 2339A (Providing Material Support to Terrorists); 1117 (Conspiracy to Murder an Officer or Employee of the United States); 371 (Conspiracy to Commit and Offense Against the United States); and 922(g)(5) (Aiding and Abetting Possession of a Firearm While Unlawfully in the United States).   The conspiracy counts allege that Siraj and the other defendants sought to accomplish their conspiracies by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound.  (Doc. 85 at 2-3.)   It further is alleged that Siraj and others instructed members of the compound to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including the killing of federal employees, officials, and military personnel.   (Doc. 85 at 5.)

### C. The Pending Competency Evaluations and Resulting Stay of Proceedings

On June 19, 2019, the Court set a hearing on Defendant Jany Leveille's sealed ex parte motion to seek a competency evaluation. (Doc. 112.) A hearing was held on September 23, 2019. (Doc. 150.) On October 17, 2019, the Court issued an order committing Defendant Jany Leveille to the Bureau of Prisons (BOP) for further competency evaluation and treatment. (Doc. 159.) On December 17, 2019, the Court entered a second stipulated scheduling order, continuing trial until October 14, 2020. (Doc. 172.) Since mid-January 2020, three other Defendants have moved for competency evaluations, (Docs. 174, 176, 179), and the Court has ordered each be committed to BOP for competency evaluations: Defendant Hujrah Wahhaj, on February 3, 2020, (Doc. 181); Defendant Subhanah Wahhaj, on February 10, 2020, (Doc. 187); and Defendant Lucas Morton, on February 10, 2020, (Doc. 188). On February 18, 2020, the Court granted a defense motion to stay all proceedings until resolution of pending competency determinations. (Doc. 192.) Defendants' competency proceedings have been progressing efficiently, and some have reached or are near reaching their conclusion.

### D. The Court's General Stay of Trials Because of the COVID-19 Outbreak

On March 13, 2020, this Court issued Administrative Order 20-MC-00004-9, which included a directive that effective March 16, 2020, all jury trials scheduled before April 10, 2020, in the District of New Mexico be continued pending further order of the Court. Administrative Order 20-MC-00004-9, at 1 ¶ 1. This order was entered in response to the current coronavirus pandemic and was based on, among other things, the Centers for Disease Control and Prevention's report that the spread of COVID-19 is considered a pandemic, the

President's declaration of a national emergency, and the New Mexico Governor's declaration of a state of public health emergency.  *See id.* at 1.  This order was based in part on findings of a "reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and Court staff to be present in the courtroom[.]" *Id.* at 2.  The Court has since ordered additional orders, extending its original stay of proceedings.  Most recently, on July 2, 2020, the Court filed Supplemental Administrative Order No. 20-MC-00004-27.  This Order directs that all criminal jury trials scheduled to commence through July 31, 2020, before any judge in any courthouse in the District of New Mexico are continued subject to further order of the presiding judge.  It is likely that the Court will continue to issue similar Administrative Orders, given that that pandemic is worsening in many parts of the country, including New Mexico. Thus, it appears that the majority of the trial-specific deadlines in the Stipulated Scheduling Order have been and remain continued.  The Court has ordered that the time period of the continuances implemented by Supplemental Administrative Order No. 20-MC-00004-27 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

## II.  DISCUSSION

### A.  Severance is not warranted under Federal Rule of Criminal Procedure 14(a).

Pursuant to rule 14(a) of the Federal Rules of Criminal Procedure a court may order separate trials if joinder appears to prejudice a defendant.  *See* Fed. R. Crim. P. 14(a).  Rule 14(a) provides, in relevant part: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  Under rule 14(a), then, the court may sever the

4

trials of co-defendants when "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).  *See Zafiro v. United States*, 506 U.S. 534, 538 (1993) (using rule 14 as the standard for a severance); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991)(applying rule 14 to set the standard for severance). The decision to sever is "within the sound discretion of the trial court." *United States v. Cox*, 934 F.2d at 1119 (*citing United States v. Valentine*, 706 F.2d 282, 289-90 (10th Cir. 1983)).  *See United States v. Gant*, 487 F.2d 30, 34 (10th Cir. 1973)(noting severance "is peculiarly within the discretion of the trial court")(citations omitted).

"Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984)). Again, "[j]oint trials of defendants who are indicted together are preferred, because 'they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Hall*, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (*quoting Zafiro v. United States*, 506 U.S. at 537).  Additionally, "a criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by a joint trial." *Cummings v. Evans*, 161 F.3d, 610, 619 (10th Cir. 1998) (*citing United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993)).  The prejudice standard envisioned by Rule 14 thus requires a showing of actual prejudice, not merely a showing that a defendant "may have a better chance of acquittal in separate trials." *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007).  To establish prejudice, a defendant must identify a "'specific trial right' that was compromised or show the jury was 'prevented . . . from making a reliable judgment about guilt or innocence.'" *United States v. Pursley*, 474 F.3d at 766 (*quoting Zafiro*

5

*v. United States*, 506 U.S. at 539).   Significantly, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."   *Zafiro v. United States*, 506 U.S. at 538-39; *see also United States v. Gray*, 173 F.Supp.2d 1, 10 (D. D.C. 2001) (discussion general presumption in favoring joinder to "preserve judicial resources and permit the jury to have a complete view of the evidence as possible.").

Even if prejudice can be shown, the trial court may "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration."   *United States v. Peveto*, 881 F.2d 884, 857 (10th Cir. 1989); *see also United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991)(*quoting United States v. Cardall*, 885 F.2d 665, 667-68 (10th Cir. 1989)).   Ultimately, a trial court that denies a request for severance will be reversed only where a defendant demonstrates an abuse of discretion.   *See United States v. Pursley*, 474 F.3d at 765.

Here Siraj can show no prejudice warranting severance.   First, Siraj has not claimed and cannot show that he was improperly joined.   *See* Fed. R. Crim. Proc. 8 ("The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."); *United States v. Hall*, 473 F.3d at 1301-02 ("Joint trials of defendants who are indicted together are preferred because 'they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'") (*quoting Zafiro v. United States*, 506 U.S. at 537)); *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir. 1980) (Fed. R. Crim. P. 8(b) "is construed broadly to allow liberal joinder to enhance the efficiency of the judicial

system"); 1A Wright, et al., Fed. Practice & Procedure: Criminal § 144 ("All courts agree that a conspiracy count normally provides a sufficient allegation that the defendants engaged in the same series of acts or transactions, making joinder permissible. . . Not all of the defendants charged as conspirators need be charged on all substantive counts . . ."). If this matter proceeds to trial against Siraj and any of the other defendants, the trial will involve a set of operative facts relevant to the defendants' conspiracy with respect to those facts. Joint trial of of the defendants would "promote economy and efficiency" and avoid "multiplicity of trials without causing" "substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 132, 131 n. 6 (1968).

> B. **Severance is not warranted under the Speedy Trial Act or Sixth Amendment**

Under the Speedy Trial Act, a defendant, subject to certain exceptions, must be tried within seventy days of the filing of the indictment or the defendant's first appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). This seventy-day period is subject to various exclusions of time under 18 U.S.C. § 3161(h). As relevant here, § 3161(h)(6) (the "codefendant subsection") excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Another provision, § 3161(h)(7) (the "ends-of-justice subsection"), excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The Speedy Trial Act gives effect to the Sixth Amendment guarantee that all defendants in all criminal prosecutions the right to a speedy and public trial. *Barker v. Wingo*, 407 U.S. 514, 521 (1972).

Here Siraj takes issue with any delays occasioned by his co-defendants' competency proceedings. Because delays are attributable to codefendants, they are properly analyzed under § 3161(h)(6). *See*, *e.g.*, *United States v. Zar*, 790 F.3d 1036, 1043 (10th Cir. 2015) ("[I]n light of its denial of the severance motion, the court held that the [defendants] remained subject to § 3161(h)(6) . . . ."). The general rule under this provision is that all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant joined. *United States v. Margheim*, 770 F.3d 1312, 1318–19 (10th Cir. 2014). "When the delay is reasonable, an exclusion for delay attributable to one defendant is applicable to all co-defendants." *United States v. Thomas*, 749 F.3d 1302, 1308 (10th Cir. 2014) (quotation marks, brackets and citation omitted). In determining whether delay attributable to a codefendant is reasonable, a court must examine all relevant circumstances. For Speedy Trial Act purposes, the Tenth Circuit has articulated three factors to guide district courts in this exercise: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Margheim*, 770 F.3d at 1319. A district court's compliance with the legal requirements of the Speedy Trial Act are reviewed de novo and its factual findings for clear error. *United States v. Larson*, 627 F.3d 1198, 1203 (10th Cir. 2010). These factors mirror those articulated for the Sixth Amendment; (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *United States v. Black*, 830 F.3d 1099, 1111 (10th Cir. 2016); *see also Barker*, 407 U.S. at 530–31 (while delay of one year is presumptively prejudicial for an ordinary street crime, greater delay will be tolerated for a serious, complex

8

conspiracy charge); *see also Doggett v. United States*, 505 U.S. 647 (1992); *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995).

In this case, the first *Margheim* factor militates in favor of Siraj, as he is not free on bond.

The second *Margheim* factor weights against Siraj. Far from zealously pursuing a speedy trial, up until now, Siraj has agreed to delay trial again and again. First, he agreed to this case's complex designation. Next, he entered into two stipulated scheduling orders setting trial in April and October 2020, respectively. Siraj subsequently agreed to a stay of proceedings pending outcome of his co-defendants' competency proceedings.

The third *Margheim* factor also weights against Siraj. Trial of Siraj jointly with the other defendants is necessary to accommodate the efficient use of prosecutorial and judicial resources. "The obvious purpose behind [this] exclusion is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986). There is a "strong presumption favoring trying properly joined defendants together." *Zar*, 790 F.3d at 1043; *see also Zafiro v. United States*, 506 U.S. at,537. "A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *Margheim*, 770 F.3d at 1319 (quotation marks and citations omitted); *see also United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) ("[T]his is such a case [where a single trial is preferred], for the defendants were charged with a single conspiracy."). In this case, Siraj is at the heart of the conspiracy alleged in the Superseding Indictment and was involved in it from start to finish. His involvement in the conspiracy was inextricably intertwined with the involvement of the other co-conspirators. Severing Siraj would require two virtually identical

9

trials in terms of witnesses and evidence, would amount to a waste of judicial resources, and would lead to the possibility of conflicting and irreconcilable verdicts.

Finally, delay of trial is also warranted for the reasons set forth in the parties' Sealed Joint Recommendations of the United States and Defendant Subhanah Wahhaj in Response to the Court's Sealed Notice to Counsel [Doc. 206], incorporated herein by reference. The ongoing unprecedented and worsening COVID-19 pandemic has necessitated trial delays in addition to those reasonably required by the unique facts of the instant case. Indeed, it is likely that the defendants' mental competency issues will be resolved before the COVID-19 pandemic abates sufficiently to permit jury trials consistent with public health requirements. Accordingly, severance of Siraj from the instant case would likely bring him no closer to trial.

### III.  CONCLUSION

For the reasons set forth herein, Defendant Siraj Wahhaj cannot show his severance from the instant case is warranted under the Federal Rules of Criminal Procedure, under the Speedy Trial Act, or under the Sixth Amendment. Trial of Siraj jointly with the other Defendants is reasonably necessary to accommodate the efficient use of prosecutorial and judicial resources and will mitigate the possibility of incompatible verdicts. Siraj cannot show that he is prejudiced by delay necessitated by his co-defendants' mental competency proceedings, by the general stay of trials under the Court's COVID-19 administrative order, or for any other reason. Defendant's motion should therefore be denied.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

 */s/ Electronically filed*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274


GEORGE C. KRAEHE
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC   20530

I HEREBY CERTIFY that on the 27th day
of July 2020 I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for defendant to be served
by electronic means.

 */s/ Filed Electronically*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney