# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

        Plaintiff,

       vs.                                    No. 1:18-CR-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTION,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT SIRAJ WAHHAJ'S MOTION TO LIFT STAY OF PROCEEDINGS
## and
## ORDER TO SHOW CAUSE WHY MOTION AND REPLY (DOCS. 231 AND 240) SHOULD NOT BE UNSEALED

THIS MATTER comes before the Court upon Defendant Siraj Wahhaj's ("Defendant") Motion to Lift Stay of Proceedings as to Siraj Wahhaj and Request for a Scheduling Conference, filed July 14, 2020 (**Doc. 231**).  Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is not well-taken. Accordingly, the motion is denied. Moreover, the Court is requiring Defendant to show cause why the motion and reply should not be unsealed.

## BACKGROUND

Defendant and four others are charged with a violation of 18 U.S.C. § 371, conspiracy to provide firearms to a person unlawfully in the United States.  Defendant was arrested on August 5, 2018. On September 11, 2018, a federal grand jury returned an Indictment charging Defendant

with a violation of conspiracy, in violation of 18 U.S.C. § 371. 3. On October 3, 2018, the Court entered an Order declaring the case complex. Doc. 47.  On December 11, 2018, a Stipulated Scheduling Order was entered, setting the trial for April 13, 2020. (Doc. 74).

On March 14, 2019, the Grand Jury returned a superseding indictment against all Defendants, alleging violations of 18 U.S.C. §§ 371 (conspiracy), 922(g)(5) (possession of firearms by person unlawfully in the United States), 1117 (conspiracy to murder a federal employee), 1201 (kidnapping), and 2339A (material support of a terrorist). (Doc. 85).

During the pendency of this case, Defendants Leveille, Morton and Subhannah Wahhaj have filed, through counsel, motions to determine competency.[1]  These defendants filed an unopposed motion to stay proceedings until the issues of their competency are resolved, and Defendant did not oppose the motion.  A stay was entered on February 18, 2020, which is still in effect. Doc. 192.

Defendant contends that he did not foresee the extent of the delay resulting from the pace of the competency proceedings but also from the effects of the current COVID-19 pandemic, which now makes it uncertain as to when Defendant will be able to proceed to trial.  Defendant—who is competent—claims that subjecting him to the same delay as the other defendants means an unnecessarily lengthy pretrial incarceration in violation of his Sixth Amendment right to a speedy trial and a violation of his right to due process as a pretrial detainee.  The Government views Defendant's request as one for severance and claims that it is not warranted under rejects the notion of severance, claiming that it is not warranted under the Speedy Trial Act, the Sixth Amendment, or Fed.R.Crim.P.14(a).

**DISCUSSION**

---

[1] Defendant Hujrah Wahhaj has not raised competency issues as to himself, nor has he joined in the instant motion.

2

The Court addresses each argument separately.

## I.      Court's General Stay of Trial Due to COVID-19

This Court has issued several Administrative Orders regarding the suspension of proceedings and jury trials since March 2020, in response to the Coronavirus pandemic. Most recently, on July 2, 2020, the Court filed Supplemental Administrative Order No. 20-MC-00004-27, announcing that all criminal jury trials scheduled through July 31, 2020 are continued, and reiterating that all persons entering courthouse facilities are required to wear a face mask.  Defendant contends that delay caused by the pandemic is now moot because as of July 28,2020, counsel were informed by the Criminal Justice Act ("CJA") Coordinating Attorney that the Court has indicated that it will not further delay trials before this Court, beyond July 31, 2020, due to the pandemic.  The Court is not aware of comments made by the CJA Coordinating Attorney but the Court takes strong exception to Defense Counsel's implication that delays caused by the pandemic are now moot or any kind of suggestion that court operations are back to a level that existed prior to the onset of the Coronavirus pandemic.  The U.S. District Court for the District of New Mexico, like other federal district courts, is attempting to restart criminal jury trials and there may be a criminal jury trial in Albuquerque and/or Las Cruces towards the end of August or beginning of September, 2020, but the undersigned judge is not aware of any other case in this District proceeding to trial in the near future with complex legal and factual issues comparable to the ones in the instant case.

Thus, trial scheduling is still a far cry from "normal procedure" and the Coronavirus Pandemic still very much factors into how the Court operates and most likely, will continue to operate for at least the rest of 2020 and may be into 2021.  The majority of the trial-specific deadlines in the Stipulated Scheduling Order have been and remain continued as a result of the

Court's most recent Administrative Order, and the Court has ordered that the time period of the continuances implemented by Supplemental Administrative Order No. 20-MC-00004-27 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).  Thus, the Court disagrees with Defendant's argument that any basis for delay as a result of the pandemic is "moot."

## II.      Due Process

Defendant contends that a continued stay is a violation of his due process rights as a pretrial detainee in that further delay takes on a punitive nature which is prohibited under the Fourteenth Amendment.[2] *See Bell v. Wolfish,* 441 U.S. 520 (1979).  Pretrial detention is constitutionally permissible as a regulatory measure, and the mere fact that a person is detained "does not inexorably lead to the conclusion that the government has imposed punishment," as long as it does not appear excessive in relation to its purpose. *United States v. Salerno*, 481 U.S. 739, 747 (1987). This case has been declared complex for good reason. Doc. 49.  The charges are serious in nature and discovery is voluminous and requires declassification before much of it can be produced.  At the same time, three of the five defendants have requested and are undergoing the process of determining competency which is time-consuming even when it moves along efficiently. Moreover, the Defendant consented to the Stay Order which was entered as a result of the need to resolve the issue of whether the three co-defendants are competent to stand trial.  The added effects of the Coronavirus pandemic have slowed down the process even further. While the delays are unfortunate, they are outside of anyone's control and certainly do not provide a basis for finding that waiting for the competency issues to resolve has turned Defendant's pretrial detention into punishment.

---

[2] The Court assumes here that Defendant brings this argument under the Fourteenth Amendment, given the case law cited and the basis for the argument even though there is no reference to the Fourteenth Amendment in the motion or reply.

### III.     Speedy Trial Act

For purposes of this motion, Defendant focuses mainly on the Sixth Amendment and does not separately argue that his rights are violated under the Speedy Trial Act.  *See* Doc. 231 at 4 ("Although the Court declared the case complex for purposes of the Speedy Trial Act, Mr. Wahhaj continues to enjoy a fundamental Sixth Amendment right to a speedy trial.").  However, because the Government's brief devotes considerable time to the topic, the Court addresses it here.

Under the Speedy Trial Act, a defendant, subject to certain exceptions, must be tried within seventy days of the filing of the indictment or the defendant's first appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). This seventy-day period is subject to various exclusions of time under 18 U.S.C. § 3161(h). As relevant here, § 3161(h)(6) (the "codefendant subsection") excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Another provision, § 3161(h)(7) (the "ends-of-justice subsection"), excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

The Government notes that the delays occasioned by Defendant's co-defendants' competency proceedings are properly excludable under §18 U.S.C. §3161(h)(6), since all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant joined. *U.S. v. Margheim,* 770 F.3d 1312, 1318-19 (10th Cir. 2014).   "When the delay is reasonable, an exclusion for delay attributable to one defendant is applicable to all co-defendants." *United States v. Thomas*, 749 F.3d 1302, 1308 (10th Cir. 2014).  Whether delay attributable to co-defendants is reasonable, courts use three factors set out by the Tenth Circuit, *see Margheim,* 770

5

F.3d at 1319: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."  The Court agrees with the Government that the delay in this case is reasonable under those three factors for these reasons:

- The first *Margheim* factor weighs in favor of Defendant because he is not free on bond.

- The second factor weighs heavily against Defendant.  He has agreed to several delays in this trial: (a) he agreed to this case's complex designation, which necessarily envisions a longer period before trial can be set; (b) he entered into two stipulated scheduling orders setting trial—one in April 2020 and one in October 2020; (c) he did not opposed a stay of proceedings pending outcome of his co-defendants' competency proceedings.

- The third *Margheim* factor weighs heavily against Defendant as well. Trial of Defendant jointly with the other defendants is necessary to accommodate the efficient use of prosecutorial and judicial resources.  *See U.S. v. Theron,* 782 F.2d 1510, 1514 (10th Cir. 1986) (purpose behind exclusion is "to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial").  At the very least, holding a separate trial for Defendant would be enormously inefficient.  Defendant was involved in the conspiracy alleged in the Superseding Indictment from start to finish.  Critically, his involvement in the conspiracy was inextricably intertwined with the involvement of the other co-conspirators. Severing Defendant from trials of his co-defendants would result in two virtually identical  trials in terms of witnesses and evidence, would amount to a waste of judicial resources, and could even lead to the possibility of conflicting and irreconcilable verdicts. *See Margheim*, 770 F.3d at 1319 ("A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses."); *see also United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (single trial is preferred where defendants were charged with a single conspiracy).

Defendant presents no argument that would overcome the presumption of trying properly joined defendants together. *See United States v. Zar*, 790 F.3d 1036, 1043 (10th Cir. 2015) (There is a "strong presumption favoring trying properly joined defendants together"); *see also Zafiro v. United States*, 506 U.S. 534, 538 (1993).

## IV.    The Sixth Amendment

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall

enjoy the right to a speedy . . . trial." The right to a speedy trial protects not just the interests of the defendant, but also the "societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). "The general rule is that the speedy trial right attaches when the defendant is arrested or indicted, whichever comes first." *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004). To determine whether the stay entered in this case violates Defendant's Sixth Amendment rights to a speedy trial, courts balance the following factors in the *Barker* test:

(1) the length of delay,
(2) the reason for the delay,
(3) the defendant's assertion of his right, and
(4) prejudice to the defendant.

*United States v. Black*, 830 F.3d 1099, 1111 (10th Cir. 2016) (citing *Barker,* 407 U.S. at 514). No one of the factors is necessary or sufficient to conclude a violation has occurred. *United States v. Gomez,* 67 F.3d 1515, 1521 (10th Cir. 1995).

      A.    <u>Length of Delay</u>

While all factors should be evaluated in a *Barker* analysis, the first factor "functions as a triggering mechanism" and the remaining three factors need only be assessed "if the delay is long enough to be presumptively prejudicial." *Margheim,* 770 F.3d at 1325 (cited case omitted); *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004) ("The first factor, the length of the delay, is actually a dual inquiry.") (citing *Barker,* 407 U.S. at 530). Delays approaching one year generally satisfy the requirement of presumptive prejudice. *Doggett v. United States*, 505 U.S. 647, 652 (1992) (observing that lower courts have generally found delay approaching one year to be presumptively prejudicial); *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) (delays exceeding one-year threshold, are presumptively prejudicial and trigger the *Barker* analysis). Thus, the first factor weighs in Defendant's favor.

However, in *Barker,* the Supreme Court acknowledged that while a delay of one year is presumptively prejudicial for an "ordinary street crime, greater delay will be tolerated for a serious, complex conspiracy charge." 407 U.S. at 530–31. This case unquestionably falls into the category of a complex case involving serious charges, multiple defendants and massive discovery. *Cmp. United States v. Gomez,* 67 F.3d 1515, 1521 (10th Cir. 1995) (concluding that twelve-and-a-half month delay triggered consideration of the other *Barker* factors, although it did not find the delay to be "especially egregious" where "there  was only one defendant; there was but a single count charged; and the drug trafficking prosecution was fairly straightforward").

The Court finds that while the length of delay in this case is two years, it is not an unreasonable period of time for a case as complex as this one. While the one-year presumption allows this factor to weigh in Defendant's favor, it does not weigh heavily in his favor.

B.     Reason for Delay

Closely related to "length of delay" is the "reason for delay," that is, the reason the Government assigns to justify the delay. *Barker v. Wingo*, 407 U.S. at 531.  The Court finds that this factor weighs heavily in favor of the Government.

The delays in the timeline of this case are justified and reasonable.  Defendant suggests that the six-month delay between the indictment and the superseding indictment (Docs. 25 and 85) was inordinately lengthy, resulting in the addition of "some artificially inflated and scandalous offenses."  Doc. 24 at 2.  Without some kind of evidence to back up this claim, the Court views the period of time between September 2018 and March 2019 as a reasonable time for the Government to conduct the kind of investigation that would have been necessary in this case to support the addition of new charges to the indictment.

Defendant notes that in April 2019, a month after issuance of the superseding indictment, the Court issued a second scheduling order and noted that "[a]dditional time [was] needed to complete investigation of this matter, to declassify discoverable materials, and to complete discovery." Doc. 95.  On July 12, 2019, the Government disclosed to the defense what Defendant describes as "voluminous discovery."  Doc. 240 at 2.  Defendant further observes that "[m]ore than one year has elapsed since the government's voluminous disclosure of evidence and the case is not any closer to litigation."  *Id.*

Defendant contends that "there is no justification for continued delay since discovery has presumably been completed for well over one year." Doc. 240 at 3.  Defendant fails to appreciate the complexity of case preparation on the Government's side, while easily acknowledging it from his point of view. On November 5, 2018, all Defendants filed a motion to compel the detention facilities where they are respectively housed to permit them to possess and use a personal laptop computer for the purposes of reviewing discovery and preparing for trial during the pendency of this case. Doc. 68. The motion described the discovery in this case as amounting to "over 100,000-plus pages" and including "numerous audio and video files, including files from Cell Phones, Laptops, Yahoo, Google, Facebook and other social media applications that do not translate well to paper." *Id.* at 1-2.  The Court granted the motion. Doc. 71.  Thus, Defendant's own description of the discovery involved in this case undercuts his argument that delay is unjustified once discovery has been produced.

Defendant also contends that "[t]o continue to hold Mr. Wahhaj hostage for months, possibly even years, while his co-defendants' mental competency issues are resolved is not sufficient justification to further delay his trial."  Defendant seems to overlook that when the first motion to determine competency was filed on June 18, 2019 (Doc. 111), that motion initiated a

round of similar motions for co-defendants—and eight months later, Defendant joined the other defendants in seeking a stay in this case "while the pending competence issues involving four clients are resolved." Doc. 189. Having consented to the stay in the first place, the Court finds it a bit disingenuous for Defendant to invoke his speedy trial rights for any time prior to the filing of that unopposed motion.

This is a case where enormous amounts of discovery information must be evaluated by both sides; where competency issues for several defendants resulted in a stay of the case to which Defendant consented; and where an unprecedented worldwide pandemic has necessitated trial delays and has caused every step of the litigation to take longer than expected. The Government has no control over any of this. *Cmp. Barker*, 407 U.S. at 531 ("A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government."); *Doggett*, 505 U.S. 647 (to trigger *Barker* analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, as he "cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness") (citing *Barker,* 407 U.S. at 530-31).

Accordingly, this factor clearly favors the Government and weighs against Defendant.

C.      Defendant's Assertion of His Right

While a defendant who fails to demand a speedy trial does not forever waive his right to do so, he still has a responsibility to assert that right. *Barker,* 407 U.S. 514.

The fact that Defendant waited until now—just about two years since his arrest—to invoke his right to a speedy trial, also attenuates his claim of prejudice. As the Court has pointed out, as recently as six months ago, Defendant was unopposed to a stay in this case pending a resolution of the competency issues. Doc. 189. *See, e.g., United States v. Nixon*, 919 F.3d 1265 (10th Cir.),

*cert. denied,* 140 S. Ct. 242 (2019) (fact that defendant waited almost a year to invoke his right to a speedy trial weighed heavily against his claim that the 15-month delay between his indictment for being a felon in possession of a firearm and the denial of his motion to dismiss indictment violated his right to a speedy trial under the Sixth Amendment, although recognizing that defendant was not represented in the federal case at the time of his indictment); *see also U.S. v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (delays attributable to the defendant do not weigh against the Government).   Defendant was also one of the movants who filed a Motion to Recuse the undersigned from presiding over this case (*see* Docs. 137 & 168), which was pending for three months before it was denied by the Court, and then filed a writ of mandamus regarding that denial (docket entry, Jan. 10, 2020) which was denied by the Tenth Circuit Court of Appeals on February 10, 2020 (No. 19-2207).

Under these circumstances, this third factors balances in favor of the Government.

D.      Prejudice to Defendant[3]

"The individual claiming the Sixth Amendment violation has the burden of showing prejudice." *Black*, 830 F.3d at 1121. Courts analyze prejudice to the defendant in terms of three interests: (1) preventing oppressive pretrial incarceration; (2) minimizing concern and anxiety to the defendant; and (3) limiting the possibility that the defense will be impaired.  *Gomez,* 67 F.3d at1522. The most serious of these is impairment of the defense "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker,* 407 U.S. at 532; *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009) (third factor is most important).

---

[3] Under the first *Barker* factor, a defendant is relieved of the "burden to present specific evidence of prejudice" under the fourth *Barker* factor only if there is evidence of an extreme delay.  *Black,* 830 F.3d at 1121-22 (citing *U.S. v. Hicks,* 779 F.3d 1163, 1168 (10th Cir. 2015) (noting that a six-year delay would qualify as an extreme delay, which would relieve a defendant of his burden to present evidence of some specific prejudice).  The delay here does not present such circumstances.

Defendant contends that he is prejudiced because he (1) has been sitting in a jail cell for nearly 24 months, without his day in court (which the Court considers as encompassing the first two factors); and (2) because of his co-defendants' continued and extended unavailability for trial. Even assuming the first two interests (prevention of oppressive pretrial incarceration and minimization of the accused's anxiety and concern) weigh in Defendant's favor, the third does not. A lift of the stay would not make the co-defendants more available. *See Gomez,* 67 F.3d at 1522-23 (prejudice occurs "only when *defense* witnesses are unable to recall accurately the events of the distant past") (emphasis in original). Rather, their "availability" hinges on the resolution of the competency issues as well as a relaxing of COVID-19 restrictions. *See Toombs,* 574 F.3d at 1267 ("Since the hindrance to the defense is the most important interest, and the defense was not significantly hindered here, the prejudice factor does not weigh in favor of [defendant]."); *see also Black,* 830 F.3d at 1022 (defendant who argued that he was prejudiced because he had "spent well over two years of his life in a jail cell awaiting trial" could not show "specific, cognizable prejudice").

The Court therefore finds that the prejudice factor does not weigh in favor of Defendant because he is not prejudiced by the continued stay.

E.    Balancing of *Barker* Factors

To sum up the *Barker* analysis, the length-of-delay factor weighs in favor of Defendant; the reason-for-the-delay factor weighs against Defendant and does not weigh against the Government at all; the assertion-of-the-right factor weighs heavily against Defendant; and the prejudice factor also weighs against Defendant.

The Court notes that long delays do not necessarily give rise to a Sixth Amendment violation. Much longer delays than what is Defendant is challenging have not given rise to a Sixth

Amendment violation where circumstances justify the delay. *See United States v. Stephenson*, 2020 WL 3263445, at *2 (W.D.N.Y. June 17, 2020 compiling cases), e.g.,: *United States v. Ghailani*, 733 F.3d 29, 46-49 (2d Cir. 2013) (five-year delay); *United States v. Blanco*, 861 F.2d 773, 777-780 (2d Cir. 1988) (10-year delay); *see also United States v. Jones*, 91 F.3d 5, 9 (2d Cir. 1996) (collecting cases holding no speedy-trial violation despite delays ranging from 28 months to six years). Excessive delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett*, 505 U.S. at 656. The criteria are all related factors and "must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533.

The Court therefore concludes that Defendant has not shown that the pending stay violates his Sixth Amendment rights. *See Black,* 830 F.3d at 1122 (concluding that on balancing of factors, defendant did not show Sixth Amendment violation where he failed to cite any specific, particularized prejudice resulting from the delay) (citing *Perez v. Sullivan*, 793 F.2d 249, 256 (10th Cir. 1986) ("While a showing of prejudice may not be absolutely necessary in order to find a Sixth Amendment violation, we have great reluctance to find a speedy trial deprivation where there is no prejudice.").

## V.     Rule 14

Defendant relies as well on Rule 14(a) of the Federal Rules of Criminal Procedure to argue for severance.

Joint trials of defendants who are indicted together are preferred, because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Hall*, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (*quoting Zafiro*, 506 U.S. at 537).  However, under Fed.R.Crim.P.14(a), a court may order separate trials if joinder appears to prejudice a defendant. *See Zafiro v. United States*, 506 U.S. 534, 538 (1993) (using Rule

13

14 as the standard for a severance); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991)

(applying Rule 14 to set the standard for severance). The decision to sever is "within the sound

discretion of the trial court," *Cox,* 934 F.2d at 1119, and thus a defendant "must bear

a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749

F.2d 1441, 1444 (10th Cir. 1984).

A criminal defendant has no constitutional right to severance unless there is a strong

showing of prejudice caused by a joint trial. *Cummings v. Evans*, 161 F.3d, 610, 619 (10th Cir.

1998).  As a result, the prejudice standard envisioned by Rule 14 requires a showing of actual

prejudice, not merely a showing that a defendant "may have a better chance of acquittal in separate

trials." *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007). To establish prejudice, a

defendant must show that there is a serious risk that a joint trial would compromise a specific trial

right of a properly joined defendant or prevent the jury from making a reliable judgment about

guilt or innocence. *Pursley*, 474 F.3d at 766 (*quoting Zafiro*, 506  U.S. at 539).

Significantly, Rule 14 does not require severance even if prejudice is shown; rather, the

rule "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."

*Zafiro, 5*06 U.S. at 538-39.  In a case where prejudice is shown, the trial court may "weigh the

prejudice to a particular defendant caused by joinder against the obviously important

considerations of economy and expedition in judicial administration." *United States v. Peveto*, 881

F.2d 884, 857 (10th Cir. 1989). Ultimately, a trial court that denies a request for severance will be

reversed only where a defendant demonstrates an abuse of discretion.  *See Pursley*, 474 F.3d at

765.  Defendant has not shown such prejudice here.

First, Defendant has not claimed and cannot show that he was improperly joined. *See* Fed.

R. Crim. Proc. 8 ("The indictment or information may charge 2 or more defendants if they are

alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."); *United States v. Hall*, 473 F.3d at 1301-02 ("Joint trials of defendants who are indicted together are preferred because 'they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'") (*quoting Zafiro*, 506 U.S. at 537)); *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir. 1980) (Fed. R. Crim. P. 8(b) "is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system").  Trial in this case (if it proceeds to trial) will involve a common set of operative facts relevant to the defendants' conspiracy with respect to those facts. Joint trial of the defendants in this case is both proper and necessary, and will  "promote economy and efficiency" and avoid "multiplicity of trials without causing" "substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 132, 131 n. 6 (1968); *see United States v. Gray*, 173 F.Supp.2d 1, 10 (D. D.C. 2001) (discussion of general presumption in favoring joinder to "preserve judicial resources and permit the jury to have a complete view of the evidence as possible.").

Second, Defendant argues that severance is warranted because he will be prejudiced by the delay occasioned by co-defendants' competency evaluations, but he does not point to or identify a "specific trial right" that is at risk of being compromised if he is tried with his co-defendants.

Therefore, Defendant has not presented any reason to sever his trial from other co-defendants.

## VI.    Order to Show Cause Regarding Sealed Documents

Defendant filed both the motion and reply (Docs. 231 and 240) as sealed documents. However, neither document appears to contain any information that can be described as highly

personal or sensitive and so the Court is unclear as to why these documents should be shielded from public access.

The public generally has a right to access court records. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access.") (citing *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 599 (1978)). The Tenth Circuit has explained that "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure favoring nondisclosure." *Id*.; *see also Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) ("Although courts have long recognized a common-law right of access to judicial records, this right is not absolute.") (citation and footnote omitted)).

Therefore, the Court orders Defendant to show cause why the motion and reply should not be unsealed **within ten (10) days of the entry of this Order**.  Failure to timely respond to the Order will result in the unsealing of both documents (Docs. 231 and 240).

## CONCLUSION

In sum, the Court finds that both the pending competency issues of co-defendants and restrictions imposed by the coronavirus pandemic have created a perfect storm causing a delay precluding the scheduling of a certain trial date for Defendant.  While these circumstances are unfortunate, they are also unavoidable and do not set up grounds for finding that Defendant's rights under the Due Process Clause, the Speedy Trial Act or the Sixth Amendment have been violated. *See United States v. Hall*, No. 2:19-CR-96, 2020 WL 4193871, at *2 (E.D. Tenn. July 21, 2020) (overruling Defendant's objection regarding alleged violation of Sixth Amendment right to speedy trial and finding delay of over a year "justified considering the complexity of his case and the COVID-19 pandemic").  Nor has Defendant presented any legal grounds for why his trial should

be severed from the other co-defendants. In light of this ruling, the Court need not consider Defendant's request for a scheduling conference.

The Court is also requiring Defendant to show cause why the motion and reply (Docs. 231 and 240) should not be unsealed and made available for public access.

**THEREFORE,**

**IT IS ORDERED** that Defendant Siraj Wahhaj's Motion to Lift Stay of Proceedings as to Siraj Wahhaj and Request for a Scheduling Conference is hereby DENIED for reasons described in this Memorandum Opinion and Order (**Doc. 231**);

**IT IS FURTHER ORDERED** that Defendant shall show cause why the motion and reply (Docs. 231 and 240) should not be unsealed **within ten (10) days of the entry of this Order**. Failure to timely respond to the Order will result in the unsealing of both documents (Docs. 231 and 240).

_____

CHIEF UNITED STATES DISTRICT JUDGE