IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                               )<br>          Plaintiff,                             )<br>vs.                                                      )<br>                                                               )<br>JANY LEVEILLE,                               )<br>SIRAJ IBN WAHHAJ,                      )<br>HUJRAH WAHHAJ,                         )<br>SUBHANAH WAHHAJ, and           )<br>LUCAS MORTON,                             )<br>                                                               )<br>          Defendants.                        )  | CRIMINAL NO. 18-CR-02945 WJ |

**UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION
TO DISMISS COUNT ONE AS MULTIPLICITOUS**

The United States respectfully submits this response in opposition to Defendants' Joint Motion to Dismiss Count One as Multiplicitous (Doc. 599). In their motion, the Defendants claim that Count 1, charging a violation of 18 U.S.C. § 2339A, is multiplicitous with Count 3, charging a violation of 18 U.S.C. § 1117, and they ask that the Court dismiss Count 1 before the trial commences. Doc. 599. For the reasons set forth below, the United States opposes the motion and respectfully requests that it be denied.

**I.      FACTUAL BACKGROUND**

On March 14, 2019, a federal grand jury returned a seven-count superseding indictment against the Defendants. Doc. 85. Count 1 charges all five Defendants with Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A, and Count 3 charges Defendants Jany Leveille (Leveille), Siraj Ibn Wahhaj (Siraj), and Lucas Morton (Morton) with Conspiracy to Murder an Officer or Employee of the United States, in violation of 18 U.S.C.

§ 1117.  *Id*. at 1-6.  Defendants Hujrah Wahhaj (Hujrah) and Subhanah Wahhaj (Subhanah) are not charged in Count 3.  *Id*. at 6.

Both of these conspiracy charges allege common facts, namely that the Defendants sought to accomplish their conspiracies by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound.  Doc. 85 at 2-6.  In addition, it is specifically alleged that:

- Siraj provided at least ten firearms to his coconspirators, and Hujrah provided at least one firearm, (Doc. 85 at 3);

- Leveille, Siraj, Hujrah, and Subhanah traveled from the State of Georgia to the State of New Mexico with firearms and ammunition, (Doc. 85 at 3);

- Subhanah provided financial support to her co-conspirators, (Doc. 85 at 4);

- The Defendants built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarp, and a tire wall and that they stored firearms and ammunition in the compound, (Doc. 85 at 4);

- Siraj and Morton built a firing range on the compound and dug an underground tunnel leading away from the compound, (Doc. 85 at 4);

- The Defendants possessed and shot firearms on the compound, (Doc. 85 at 4-5);

- Leveille and Morton solicited one of Siraj's relatives to join the group in New Mexico, to bring money and firearms, and to die as a martyr, (Doc. 85 at 5); and

- Siraj and Morton trained persons, including other occupants of the compound, in firearms use and tactical maneuvers, and Leveille and Siraj instructed persons to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including the killing of federal employees, officials, and military personnel, (Doc. 85 at 5).

For both Counts 1 and 3, it is alleged that the Defendants acted pursuant to a common agreement and interdependently.  Doc. 85 at 2, 6.

## II.     LAW & ARGUMENT

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997); *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002).  While multiplicitous charges violate the Double Jeopardy Clause, the government is not prohibited from prosecuting a defendant on a multiplicitous indictment.  *See Ohio v. Johnson*, 467 U.S. 493, 499-500 (1984); *see also United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006).

The issue of multiplicity may arise, as it does here, when a defendant is charged with violations of multiple criminal statutes for the same underlying acts or omissions.  In such a situation, the Tenth Circuit employs a two-step test.  *See United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000).  "A person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not, or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *Id*. (citations omitted).  When there is no clearly discernible Congressional intent to impose cumulative punishment, the rule of statutory construction described in *Blockburger v. United States*, 284 U.S. 299 (1932), applies.  *United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir. 1992).

The *Blockburger* rule is often known as the "same elements test." *Pearson*, 203 F.3d at 1268.  "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.  "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or

3

conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id*. (internal quotation marks omitted).  Moreover, "[t]he strictly elemental analysis applies even where [a court] is presented with an indictment that charges two conspiracy counts, each under a separate statutory provision, but both based on the same factual conspiracy as alleged." *United States v. Hassoun*, 476 F.3d 1181, 1186 (11th Cir. 2007).

Thus, to determine whether Counts 1 and 3 in the superseding indictment are multiplicitous, the *Blockburger* analysis is comparatively simple.  The analysis demonstrates that the counts are not multiplicitous, and the Defendants' motion fails.

Count 1, Conspiracy to Provide Material Support to Terrorists, requires that the government prove the following elements beyond a reasonable doubt:

1. That the Defendants entered into a conspiracy;

2. That the objective of the conspiracy was to provide material support or resources; and

3. That the Defendants knew and intended that the provision of such material support or resources would be used in preparation for, or in carrying out, a violation of 18 U.S.C. § 1114.

*United States v. Hassan*, 742 F.3d 104, 111-12 (4th Cir. 2014)[1] (listing elements of § 2339A) (internal citation omitted); *United States v. Khan*, 309 F. Supp. 2d 789, 821 (E.D. Va. Mar. 4, 2004); Doc. 85 at 2.  For purposes of § 2339A, "'material support or resources' . . . includes currency and other property, training, weapons, expert advice or assistance and personnel." *Hassan*, 742 F.3d at 112 (citing 18 U.S.C. § 2339A(b)(1)).

---

[1] Although a multiplicity challenge was not raised in *Hassan*, it is important to note that the convictions for violations of both 18 U.S.C. § § 2339A and 1117, the very same crimes at issue here, were upheld on appeal.  742 F.3d 104 at 110-11, 142-44, 151.

4

Count 3, Conspiracy to Murder an Officer or Employee of the United States, in violation of 18 U.S.C. § 1117, requires the government to prove beyond a reasonable doubt:

1. That the Defendants entered into a conspiracy;

2. The object of the conspiracy was to kill or attempt to kill officers and employees of the United States government (here, Federal Bureau of Investigation employees, government officials, and military personnel), on account of—or while such officers and employees were engaged in—the performance of their official duties; and

3. That at least one overt act was committed in furtherance of the conspiracy.

*Hassan*, 742 F.3d at 113 (upholding defendant's convictions for both 18 U.S.C. §§ 2339A and 1117).

While both crimes require that a conspiracy exist, the focus of the conspiracies under Counts 1 and 3 are completely different. For Count 1, the objective of the conspiracy is to provide material support and resources, whereas for Count 3 it is to kill or attempt to kill federal government personnel. Count 3 also requires that there be overt acts, which is not required of Count 1. The difference in the crimes' elements is plain on its face. The crimes of Conspiracy to Provide Material Support to Terrorists and Conspiracy to Murder an Officer of Employee of the United States are distinct crimes that carry with them different elements that the United States must prove at trial, and thus concerns about multiplicity do not exist. For these reasons, the counts are not multiplicitous, and the motion should be denied.

The Defendants, however, speciously pretend to apply the *Blockburger* test to the charges in Counts 1 and 3. First, the Defendants openly acknowledge that "Count 3 requires proof of an overt act that effect the object of the conspiracy which is not required to sustain Count One." Doc. 599 at 7. This alone should end the *Blockburger* analysis and lead the Court to deny the

5

motion. Nevertheless, the Defendants then proceed to attempt to bolster their argument that the counts are multiplicitous by claiming that Count 1 is a lesser included offense of Count 3, purportedly because "[b]oth statutes require the government to show that the defendant entered a conspiracy with the purpose of killing or attempting to kill government officials on account of their official capacity." Doc. 599 at 7-8. The Defendants also argue, "Because the required *mens rea* in Count One is subsumed but [sic] the *mens rea* requirement in Count Three, the distinction supports the contention that Count One is a lesser included offense of Count Three." *Id*. at 8. Yet, in making this argument, the Defendants again acknowledge the differences in the elements by admitting there is a "difference between the statutory elements [in] that Count One requires proof of intent to provide material support . . . [w]hile Count Three does not explicitly require intent to provide material support," which alone is evidence that there is no multiplicity problem according to the *Blockburger* test. *Id*.

      The Defendants clearly misapprehend what is otherwise a straightforward reading of the elements of each crime. Count 1 is not a lesser included offense of Count 3 because § 2339A and § 1117 address different objectives of different types of criminal conspiracies. Even if Count 1 was a lesser included offense of Count 3, that would not create a problem warranting dismissal because the judicial system allows the government "to carve up criminal conduct into multiple counts, even if some of the counts are lesser included offenses or constitutionally identical offenses." *United States v. Luskin*, 926 F.2d 372, 378 (4th Cir. 1991). The Defendants do not cite any authority, nor can they, in support of their argument that Count 1 should be dismissed because it is a lesser included offense of Count 3 and because both counts share a *mens rea* and an element. *See* Doc. 599 at 7-8. The Defendants cannot cite any such authority,

particularly when the *Blockburger* analysis clearly establishes that the differences between Counts 1 and 3 and the superseding indictment does not present a multiplicity problem. *See id*.

Perhaps realizing that they cannot prevail when the governing *Blockburger* "same elements test" is applied, the Defendants urge this Court to adopt the *Korfant* test, which was previously used by the Second Circuit in certain situations when successive conspiracies are evaluated for multiplicity concerns. Doc. 599 at 8-13. The Defendants primarily rely on two cases, *United States v. Korfant*, 771 F.2d 660 (2d Cir. 1985)[2] and *United States v. Awan*, 459 F.Supp. 2d (E.D.N.Y. 2006), aff'd 384 F.App'x (2d Cir. 2010) to support this proposition. *Id*.

Aside from the fact that the *Korfant* test is not binding precedent in the Tenth Circuit, this Court need not employ the *Korfant* test because it is inapplicable to the present case. *Korfant* established a set of fact-based factors that are relevant to determine if successive conspiracy charges brought under the *same statute* were the same for double jeopardy purposes. *Korfant*, 771 F.2d at 662. In *Korfant*, the defendant was charged in the Northern District of Ohio with conspiring to restrain trade, in violation of 15 U.S.C. § 1, based on a scheme to fix grocery product and meat item prices from 1976 through 1978. *Id*. at 661. After he pleaded nolo contendere and was sentenced, the defendant was then charged in the District of Connecticut with a violation of 15 U.S.C. § 1, the exact same charge, for fixing grocery product and meat item prices from 1978 through 1980. *Id*. at 662. The Second Circuit applied what became

---

[2] Even if this case were being prosecuted in the Second Circuit, thus making *Korfant* worthy of consideration, *Korfant* has received significant negative treatment. The Second Circuit and district courts have: (1) recognized *Korfant's* holding is abrogated in some situations, (2) disagreed with its reasoning, (3) declined to follow it, and (4) distinguished cases from *Korfant*. *See, e.g., United States v. Calderone,* 917 F.2d 717 (2d Cir. 1990) ((judgment vacated and case remanded by *United States v. Calderone*, 503 U.S. 978 (1992)); *United States v. Liotard,* 817 F.2d 1074 (E.D. Pa. 2012); *United States v. Gambino,* 920 F.2d 1108 (2d Cir. 1990)); *United States v. Rahman,* 189 F.3d 88 (2d Cir. 1999); *United States v. Herrera,* 2002 WL 31133029 (S.D.N.Y. 2002); *United States v. Basciano,* 599 F.3d 184 (2d Cir. 2010).

known as the *Korfant* test by evaluating a number of fact-based factors, but it ultimately rejected the defendant's argument that the subsequent prosecution was barred by the double jeopardy clause of the Fifth Amendment.  *Id*. at 662-63.

Years later, in *Awan*, that district court applied the *Korfant* test during its analysis.  In that case, the defendant moved to dismiss all three charges filed against him in 2006 on various grounds, including double jeopardy.  459 F.Supp. 2d at 172, 187-88.  The 2006 charges were a conspiracy to provide material support, in violation of 18 U.S.C. § 2339A; a substantive § 2339A charge based on him allegedly providing the support; and a money laundering charge, in violation of 18 U.S.C. § 1956.  *Id*. at 172.  The double jeopardy concern arose because the defendant had previously been charged in 2001, 2002, and 2003 with various counts of conspiring to use and fraudulently using a credit card, in violation of 18 U.S.C. § 1029, and the Defendant pleaded guilty to one of the § 1029 charges in 2003.  *Id*. at 187-88.  Given the successive conspiracies of the separate prosecutions, the court elected to employ the *Korfant* test only for the § 2339A conspiracy charge, given that it was a successive conspiracy to the earlier § 1029 charges.  *Id*. at 188-90.  The court used the *Blockburger* test to evaluate any potential double jeopardy concerns related to the substantive § 2339A and the § 1956 money laundering charge.  *Id*. at 190-91.  In the end, the court found, under both *Korfant* and *Blockburger*, that there were no double jeopardy concerns and declined to grant the defendant's motion on these grounds.  *Id*. at 187-91.[3]

In this case, the Defendants' request for this court to utilize the *Korfant* test and the Defendants' reference to *Awan* are unavailing, particularly where both cases dealt with successive prosecutions, where *Korfant* dealt with only one criminal statute, and where the

---

[3] The defendant was later convicted of all three charges, and his conviction was upheld on appeal.  *United States v. Awan*, 384 F.3d Appx. 9 (2d Cir. 2010).

courts in both *Korfant* and *Awan* found no double jeopardy problem existed anyway.  Hence, the Tenth Circuit law that has been settled for decades should be applied instead of the inapplicable *Korfant* test.[4]  As stated herein, each of the crimes charged in Counts 1 and 3 contain at least one element that is separate and distinct from the other, and the Defendants' motion should be denied simply by application of the *Blockburger* test.

Finally, the Defendants claim that a multiplicitous indictment would be prejudicial as it "will have a psychological effect upon a jury by improperly suggesting that [the Defendants have] committed not one, but multiple crimes," and because inclusion of Count 1 is "tantamount to character assignation."[5]  Doc. 599 at 2, 18.  These claims are purely speculative, and the Defendants are hard-pressed to argue prejudice, especially when they fail to establish that Counts 1 and 3 are multiplicitous to begin with.

The case law makes clear that, even in instances where counts are multiplicitous, which is not the case here, it is proper for a district court to refrain from dismissing the multiplicitous count until after the jury has reached a verdict.  *See, e.g., United States v. Ahmed,* 94 F. Supp. 3d 394, 434 (E.D.N.Y. Mar. 24, 2015) (quoting *United States v. Rivera*, 2011 WL 1429125, at *4 (E.D.N.Y. Apr. 13, 2011) ("Since it is possible that the jury will convict defendants on only one (1) of the respective counts that they allege are multiplicitous, and acquit defendants on all of the counts with which they allege that count is multiplicitous, the issue of whether the counts are multiplicitous in violation of the Double Jeopardy Clause is premature at the pretrial stage.") and *United States v. Mostafa*, 965 F. Supp. 2d 451, 464 (S.D.N.Y. 2013) ("[M]ultiplicity is properly addressed by the trial court at the sentencing stage.  At that time, the district court would be

---

[4] Because the *Korfant* test clearly does not apply, there is no need for the government to address the various *Korfant* factors.
[5] The Defendants may have intended to write "character assassination."  See Doc. 599 at 14, 18.

required to vacate one of the two convictions.")).  "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Johnson*, 467 U.S. at 499-500.  The government may submit multiplicitous charges to the jury, but if a defendant is convicted of both charges, the district court must vacate one of the convictions.  *See Ball v. United States*, 470 U.S. 856, 864-65 (1985); *United States v. Nickl*, 427 F.3d 1286, 1301 (10th Cir. 2005).  Under this authority, even if the Court were to deem Counts 1 and 3 to be multiplicitous, which they are not, dismissal would not be warranted at this time.

### III.   CONCLUSION

Wherefore, the United States respectfully requests that the Court deny the Defendants' Joint Motion to Dismiss Count One as Multiplicitous (Doc. 599) for the reasons stated above.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically Signed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7274

### CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon defense counsel. A hard copy will be mailed to Defendant Lucas Morton at his address of record.

*Electronically Signed*
Kimberly A. Brawley
Assistant United States Attorney