IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                   Case No. 1:18-CR-02945-WJ

SIRAJ IBN WAHHAJ,

    Defendant.

### ORDER REGARDING MOTION FOR *LAFLER/FRYE* HEARING

**THIS MATTER** came before the Court on the United States' Motion for *Lafler/Frye* Hearing, filed February 13, 2023. Doc. 619. Chief Judge Johnson granted the motion for a hearing and referred the matter to me pursuant to Fed. R. Crim P. 59(a) to conduct the hearing. *See* Doc 622 at 1. He further ordered me to "make the prosecution's proposed plea agreements sealed exhibits at the hearing and verify that Defendants and defense counsel discussed the terms of the plea agreements before rejecting the United States' proposed resolution." Doc. 622 at 2. The Court held a hearing on the motion with respect to Siraj Ibn Wahhaj on March 8, 2023. Doc. 668. Supervisory AUSA Fred Federici appeared on behalf of the United States. Marc Robert appeared on behalf of Defendant Siraj Ibn Wahhaj, who was personally present.

Based on the representations of counsel and the testimony of Siraj Ibn Wahhaj, the Court finds the following facts:

On January 23, 2023, the United States sent an email to Tom Clark and Marc Robert extending a plea offer to Mr. Siraj Ibn Wahhaj[1]; the proposed plea agreement was attached to the email. The plea offer was a global offer which required all defendants to accept the plea offer

---

[1] Because three of the five co-defendants in this case share the same last name, the Court refers to these defendants by their full name to avoid confusion.

for any defendant to be able to accept it. Shortly after receiving the email, Mr. Robert mailed a copy of the proposed plea agreement to Mr. Siraj Ibn Wahhaj at the Cibola County Detention Center. Within about a week or ten days, Mr. Robert and Mr. Clark met with Mr. Siraj Ibn Wahhaj in person and the Cibola County Detention Center, and they went over the proposed plea agreement with him. Mr. Siraj Ibn Wahhaj had the opportunity to ask his attorneys any questions he had about the government's plea offer. His attorneys answered all his questions to his satisfaction. Mr. Siraj Ibn Wahhaj discussed the pros and cons of accepting or rejecting the government's plea offer with his attorneys. Mr. Siraj Ibn Wahhaj fully understood the government's plea offer. At that time, Mr. Siraj Ibn Wahhaj stated he was not interested in accepting the government's plea offer.[2]

On February 9, 2023, there was a meeting with all defendants and their counsel at the courthouse in Albuquerque. In conjunction with that meeting, Mr. Robert and Mr. Clark again met with Mr. Siraj Ibn Wahhaj in person, and they again went over the proposed plea agreement. Mr. Siraj Ibn Wahhaj understood that although he already had told his attorneys that he did not want to accept the plea offer, the offer was open until February 10, 2023, and he still could accept the plea offer if he wanted to. He understood, though, that the plea offer was a global offer, and that all the defendants needed to accept the plea offer for any defendant to accept it. Mr. Siraj Ibn Wahhaj again had an opportunity to discuss the pros and cons of accepting the plea offer with Mr. Robert and Mr. Clark at this meeting. Mr. Siraj Ibn Wahhaj did not change his mind and did not want to accept the plea offer. Mr. Siraj Ibn Wahhaj understood that it was solely his decision whether to accept or reject the plea offer. He was not threatened or forced in any way to reject the plea offer.

---

[2] Mr. Robert also met with Mr. Siraj Ibn Wahhaj via Zoom around this time, and they discussed the proposed plea offer then as well.

Mr. Siraj Ibn Wahhaj understood that he could not later change his mind and get the same plea deal that the United States offered him in January of 2023. He also understood that the government's offer was a global offer, and that if he rejected the plea offer, his co-defendants likely could not accept the plea offer that was extended to them. Mr. Siraj Ibn Wahhaj also understood that in rejecting the government's plea offer, his case likely would result in a jury trial. He understood that if he goes to trial and is convicted, he cannot then change his mind and try to get the plea deal that the government offered him in January of 2023.

After considering all the information and evidence provided at the hearing, the Court is convinced that Mr. Siraj Ibn Wahhaj received the government's plea offer, understood its terms and effects, independently and voluntarily rejected it after consulting with competent counsel, and understood that rejecting the offer likely would result in a jury trial.

**IT IS THEREFORE ORDERED** that the United States' Motion for *Lafler/Frye* Hearing is **GRANTED** to the extent that the Court held the hearing. The Court finds that the United States extended a formal plea offer to Mr. Siraj Ibn Wahhaj on January 23, 2023, in the form of a proposed plea agreement,[3] that offer was conveyed and explained to Mr. Siraj Ibn Wahhaj in a timely manner, and, after consulting at length with his attorneys, Mr. Siraj Ibn Wahhaj knowingly and voluntarily rejected the plea offer.

_____
LAURA FASHING
U.S. MAGISTRATE JUDGE

---

[3] The proposed plea agreement that the United States emailed to Mr. Clark and Mr. Robert on January 23, 2023, which Mr. Clark and Mr. Robert later discussed with Mr. Siraj Ibn Wahhaj, is attached to the minutes of the hearing as sealed government exhibit 1. *See* Doc. 668-1. Mr. Siraj Ibn Wahhaj confirmed that this exhibit is the proposed plea agreement that he reviewed with his attorneys.