IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIM. NO. 18-2945 WJ |
| SIRAJ WAHHAJ, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO SEALED MOTION TO PROCEED PRO SE (DOC. 745) AND MOTION TO DETERMINE COUNSEL AND FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT SIRAJ WAHHAJ (DOC. 746)

The United States hereby provides its Response to Defendant Siraj Wahhaj's Sealed Motion to Proceed Pro Se (Doc. 745) and Motion to Determine Counsel and For Leave to Withdraw as Counsel for Defendant Siraj Wahhaj (Doc. 746). The United States submits that the Defendant is not entitled to yet another substitute counsel, and should be required to choose between continuing with appointed counsel, proceeding pro se, or proceeding solely with his other assigned counsel, Mr. Thomas Clark.

### I.    BACKGROUND

**A.  Defendant's Motion to Proceed Pro Se**

The United States takes no position on the Defendant's motion to proceed pro se (Doc. 745). The United States also takes no position as to counsel for Defendant's request that this Court schedule a hearing at which the Defendant's representation can be determined. Doc. 746. However, if the Court is inclined to grant defense counsel's motion to withdraw from representation (Doc. 746), and given that current defense counsel Marc Robert is the Defendant's *sixth* appointed counsel in this case, the United States' position is that the Defendant should

either be allowed to proceed pro se (as he requests in his motion at Doc. 745) or, if the Court does not wish to grant that request, then that Defendant be permitted to proceed with only Mr. Clark as his attorney.

### B. Defendant's Motions to Withdraw

As stated in defense counsel's instant Motion to Withdraw, attorney Marc Robert was appointed on October 18, 2022, pursuant to 18 U.S.C. § 3006A to represent the Defendant as a second appointed counsel in addition to Mr. Thomas Clark, who has been appointed counsel in this case since February 22, 2019.  (Doc. 746).  Mr. Robert is the Defendant's sixth appointed counsel in this case, after four previous counsel withdrew.  *See* Docs. 511, 522, 527, 528.

On May 5, 2023, the Defendant filed a motion to proceed pro se, but which also seems to seek removal of only Mr. Robert as counsel.  Doc. 745.  Mr. Robert's motion to withdraw and to determine counsel followed on May 8, 2023, with the withdrawal request based on allegations in the Defendant's pro se motion.

## II.  DISCUSSION

### A. Defendant is not entitled to yet another substitute counsel, and, this close to trial, it would be inadvisable.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence."  The Sixth Amendment right to counsel implies "the right to the effective assistance of counsel."  *Buck v. Davis*, 580 U.S. 100,___, 137 S. Ct. 759, 775  (2017) (citations omitted).  However, like all rights, the Sixth Amendment right to counsel is not absolute.  For example, the right does not guarantee a "meaningful relationship" between the defendant and his counsel. *See Morris v. Slappy*, 461 U.S. 1, 13–14 (1983).  The Sixth Amendment also provides no right to counsel who blindly follows a defendant's instructions.  *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985).

Similarly, an indigent defendant does not have a right to an attorney who shares the defendant's beliefs about the validity of the law under which the defendant is being prosecuted. *See United States v. Weninger*, 624 F.2d 163, 166–67 (10th Cir. 1980).  Furthermore, there is no absolute right to counsel of one's choice, *United States v. Peister*, 631 F.2d 658, 661 (10th Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981), and "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 140 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159–60 (1988)).  Indeed, a defendant, "by unreasonable silence or intentional lack of cooperation, cannot thwart the law as to appointment of counsel." *United States v. Amede*, 977 F.3d 1086, 1106 (11th Cir. 2020).

Under certain circumstances, the Sixth Amendment may require appointment of substitute counsel. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 140 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 691–696 (1984)).  For example, the Tenth Circuit has held that "a trial court's failure to appoint new counsel when faced with a total breakdown in communication may [] constitute a denial of counsel in violation of the Sixth Amendment." *United States v. Lott*, 310 F.3d 1231, 1250 (10th Cir. 2002) (citing *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.1987)); *see also United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000) ( "Even if a defendant's counsel is competent, a serious breakdown in communication can result in an inadequate defense.").  This is because a defendant who cannot communicate with his attorney cannot assist his attorney with preparation of his case or involve himself in the types of decisions that are necessary to wage a successful defense.  *Lott*, 310 F.3d at 1250.  "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." *Id.* at 1249 (citations omitted).

In cases such as this, where a breakdown in communications is raised as grounds for substitute counsel, the Tenth Circuit has articulated a four-pronged inquiry for determining whether substitute counsel is warranted.  Specifically, in *Romero v. Furlong*, 215 F.3d 1107, 1109-13 (10th Cir. 2000), the defendant sought new counsel, arguing "that his relationship with trial counsel completely deteriorated after he learned that . . . a public defender in the same office where [his lawyer] was employed, might be testifying against [the defendant] at the habitual criminal phase of his trial." *Id.* at 1109.  This caused the defendant "to fear that counsel was disloyal to him, thus rendering the representation constitutionally defective." *Id.* (internal quotations omitted).

In addressing Romero's arguments, the Tenth Circuit considered the following four factors for examining the constitutional implications of a total breakdown in communication: "1) whether the defendant's motion for new counsel was timely; 2) whether the trial court adequately inquired into defendant's reasons for making the motion; 3) whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense; and 4) whether the defendant substantially and unreasonably contributed to the communication breakdown." *Id.* at 1113.  The Tenth Circuit went on to hold that the breakdown in communication between Romero and his attorney did not impinge on Romero's Sixth Amendment rights, explaining that a "breakdown in communication warranting relief under the Sixth Amendment *cannot be the result of a defendant's unjustifiable reaction to the circumstances of his situation*." *Id.* at 1114 (emphasis added); *see also United States v. Rhodes*, 157 F. App'x 84 (10th Cir. 2005) (unpublished disposition) (no Sixth Amendment relief warranted where breakdown of attorney-client relationship was engineered by defendant and the defendant substantially and unjustifiably contributed to the breakdown).  "If a defendant makes

sufficiently specific, factually based allegations in support of his request for new counsel, the

district court must conduct a hearing into his complaint." *Lott*, 310 F.3d at 1249 (citing *Padilla*,

819 F.2d at 956 n.1).  At such hearings, whether to appoint substitute counsel is within the

court's discretion, and the court is afforded "wide latitude in balancing the right to counsel of

choice against the needs of fairness, and against the demands of its calendar." *Gonzalez–Lopez*,

548 U.S. at 151 (internal quotation marks omitted).

Here, the push for counsel's withdrawal or removal comes from both the Defendant and

from counsel.  Mr. Robert seeks to withdraw on grounds that Defendant "belie[ves] that his

counsel are actively working to undermine his interests," which has made a functional attorney-

client relationship "difficult, if not impossible."  Doc. 746 at 2.  The specific allegations raised

by the Defendant in his motion to proceed pro se are varied, but generally are unlikely.  The facts

lay responsibility for the breakdown in communication on the Defendant himself, whether

because of his unjustifiable reaction to the circumstances of his situation, or because of his

apparent religious beliefs, or because of his interpretation of the law or criminal procedure.  In

any event, on these facts, the Sixth Amendment does not require appointment of substitute

counsel for a seventh time to serve as a second attorney for the Defendant, as the Defendant's

own obstructions to the attorney-client relationship are unreasonable, unjustifiable, and the

primary cause of any breakdown in communications.

Notably, the Defendant is the lone defendant in this case who has not undergone

competency proceedings.  He is also the defendant who has made the most numerous speedy trial

demands while awaiting competency determinations for his four co-defendants.  Substitution of a

seventh counsel to be a second defense counsel for this Defendant would place the new counsel

in an untenable position of building rapport with the Defendant and learning the long history of this case in time for trial in September.

The United States acknowledges that having to represent a client who will never trust the intentions of the attorney may create a conflict or irreconcilable relationship for an attorney that would implicate the Defendant's Sixth Amendment rights.  Accordingly, the United States defers to the Court as to whether the Defendant's motion to proceed pro se creates an irreconcilable conflict here that compels withdrawal.  If, in the Court's discretion, the nature of the relationship between the Defendant and defense counsel warrants withdrawal of counsel, the United States believes that such a finding would be justifiable.  In addition, the United States' position is that, if the Court were inclined to grant the withdrawal request of Mr. Robert, but deny the Defendant's motion to proceed pro se, a substitute second counsel is not necessary or warranted.

**B.  The Court may insist that Defendant choose between continuing with appointed counsel or continuing with a single defense counsel or proceeding pro se.**

Although the Defendant is currently represented by two defense counsel, only one of which is presently seeking to withdraw, the history of this Defendant's actions and relationships with his counsel, as well as similar patterns amongst his co-defendants in this case, raise the likelihood that this issue will arise again at some point before trial.  Thus, while the Defendant has requested to proceed pro se, it appears he may be willing to work with his other appointed counsel, Mr. Clark.  The Court should be prepared to allow the Defendant to either accept appointed counsel, proceed pro se, or proceed with only Mr. Clark, as the Defendant is not entitled to a second attorney at all.

### *1.  Each Defendant is Not Entitled or Required to Have Two Court-Appointed Attorneys*

Although the Defendants in this case have continued to have two taxpayer-funded lawyers each, presumably due to the capital nature of the charges in the superseding indictment,

the United States is aware of no requirement or reason that each Defendant must continue to have two court-appointed attorneys in this case. This is especially true for this Defendant, who is exempt from prosecution on the kidnapping charges and thus is not facing Counts 6 and 7 of the superseding indictment. Even if this case were a capital case, which the pending charges could support, where the other four Defendants facing death would be statutorily required to have two appointed attorneys pursuant to 18 U.S.C. § 3005, the Defendant would not be facing that penalty.

Regardless, as this district has recognized, the "majority view is that, once the government declines to seek the death penalty in an eligible case, the matter ceases to be a 'capital case' for [18 U.S.C.] § 3005 purposes." *United States v. Smalls*, 2007 U.S. Dist. LEXIS 118652 at *6 (D.N.M. June 11, 2007) (Brack, J.). This is because, once the government affirms it is not seeking the death penalty, the defendant is "no longer a capital defendant," and is not entitled to a second court-appointed attorney under § 3005. *United States v. Waggoner*, 339 F.3d 915, 917 (9th Cir. 2003) (quotations omitted). All but one circuit to have addressed this question have held that defendants are not entitled to a second attorney in cases where, while facing death eligible charges, the defendant is not facing the death penalty as a sentence sought by the government in that case. *See Waggoner*, 339 F.3d at 918; *United States v. Grimes*, 142 F.3d 1342, 1347 (11th Cir. 1998); *United States v. Shepherd*, 576 F.2d 719, 729 (7th Cir. 1978); *United States v. Weddell*, 567 F.2d 767, 770-71 (8th Cir. 1977); *see also United States v. Rodriguez-Berrios*, 385 F.Supp.2d 134, 136 (D.P.R. 2005) (recognizing that the "majority of circuits" have concluded that 18 U.S.C. § 3005 only requires a defendant to have two counsel "while he is exposed to the death penalty").

Here, the United States affirmed on April 2, 2019, that it will not seek the death penalty on the death-eligible charges in the superseding indictment.  Doc. 93.  Moreover, the Defendant is not charged with the death-eligible counts.  As such, there is no statutory requirement for him to continue to have two court-appointed attorneys under 18 U.S.C. § 3005.  Otherwise, 18 U.S.C. § 3006A requires that a court appoint counsel for any defendant who is deemed financially unable to obtain his or her own counsel.  This statute requires "representation," but does not imply any requirement for two court-appointed counsel.

Although the United States agrees that, in the Court's discretion, two appointed counsel may be warranted in certain cases to ensure adequate representation, a defendant who repeatedly refuses to work with or accept court-appointed defense counsel is simply not entitled to substitution of a second counsel where the defendant would still be adequately represented with one counsel.  Indeed, the Defendant's case—without being charged with Counts 6 and 7—is no more complicated than many conspiracy cases tried in this district.  Thus, even if this Court is inclined to grant the withdrawal request of Mr. Robert, the Court need not substitute another new counsel in his place, as the Defendant here would remain adequately represented by Mr. Clark.

### 2.  *Based on His Separate Request, the Court May Allow the Defendant to Proceed Pro Se*

All Defendants have had at least one change in attorneys since they were initially appointed counsel; most have had many such changes.  One Defendant, who has been deemed competent after extended evaluations, is already proceeding pro se.  The Defendant, on the other hand, has never had competency issues raised.  Thus, the Court should hold a *Faretta* hearing to determine whether the Defendant wants to proceed with only Mr. Clark, or whether he wants to proceed pro se.

The Sixth Amendment provides criminal defendants with the right of self-representation. *Faretta v. California*, 422 U.S. 806, 819-20 (1975). This right sometimes lies in tension with the Sixth Amendment right to counsel. *United States v. Simpson*, 845 F.3d 1039, 1046 (10th Cir. 2017) (citing *Faretta*, 422 at 819-20). "[T]he right to counsel serves 'both the individual and the collective good,' while the right to self-representation protects only 'individual interests.'" *Id.* (citing *United States v. Mackovich*, 209 F.3d 1227, 1237 (10th Cir. 2000)). "This distinction results in 'constitutional primacy' of the right to counsel." *Id.* (citing *United States v. Smith*, 413 F.3d 1253, 1280 (10th Cir. 2005), *abrogated on other grounds by Boyle v. United States*, 556 U.S. 938 (2009)). "Partly because of the primacy of that right, a defendant wanting to proceed pro se must satisfy four requirements." *Id.*

To properly invoke the right of self-representation, a defendant must "clearly and unequivocally" inform the district court of his intention to represent himself; make a timely request that is not for the purpose of delay; knowingly and intelligently waive the right to counsel; and be "able and willing to abide by rules of procedure and courtroom protocol." *United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006). "In evaluating whether the defendant satisfied these requirements, [the Court] 'indulge[s] in every reasonable presumption against waiver.'" *Simpson*, 845 F.3d at 1046 (citing *Brewer v. Williams*, 430 U.S. 387, 404 (1977)). When a defendant does not properly invoke the right to self-representation, the district court can deny the request. *Tucker*, 451 F.3d at 1180; *United States v. Taylor*, 113 F.3d 1136, 1143 (10th Cir. 1997) (noting that court is obligated to ensure the defendant knowingly and intelligently intends to waive counsel only after a defendant makes an "unmistakable" request).

Sometimes, as in the instant case, the question of self-representation presents itself in the context of a request for removal of specific counsel. If, in such an instance, a court determines

that removal or substitution of counsel is not warranted, it may insist that a defendant choose between continuing representation by existing counsel and proceeding pro se. *Padilla*, 819 F.2d at 955-56; *see also United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982); *United States v. Gallop*, 838 F.2d 105, 109 (4th Cir. 1988); *Meyer v. Sargent*, 854 F.2d 1110, 1114 (8th Cir. 1988). "When a defendant is given a clear choice between waiver of counsel and another course of action, such as retaining present counsel, the choice is voluntary as long as it is not constitutionally offensive." *Padilla*, 819 F.2d at 952 (citation omitted). "The question of voluntariness therefore turns on whether defendant's objections to present counsel are such that he has a right to new counsel." *Id.* Provided the defendant's decision is expressed clearly and unequivocally and made knowingly and intelligently, "[t]he choice between finishing the trial with admittedly competent counsel or proceeding pro se d[oes] not deny the defendant his right to counsel." *United States v. Willie*, 941 F.2d 1384, 1391 (10th Cir. 1991); *see also United States v. Green*, 336 F. App'x 837, 839–40 (10th Cir. 2009) (unpublished disposition) (where "[d]efendant had the choice to either allow a competent, prepared attorney to represent him or to conduct his own defense[,]" defendant's choice to proceed pro se was voluntary).

A court may infer a knowing and intelligent waiver of the right to counsel if the defendant, after warnings from the court, fails to retain, discharges, or refuses to cooperate with counsel. *See Weninger*, 624 F.2d at 165 (holding valid waiver when defendant "stubbornly refused" to retain counsel despite repeated urging by the court); *United States v. Thomas*, 833 F.3d 785, 792 (7th Cir. 2016) (defendant's refusal to cooperate with fourth appointed counsel resulted in a valid waiver); *Miller v. Smith*, 765 F.3d 754, 763-64 (7th Cir. 2014) (finding valid waiver when defendant chose to discharge counsel after given option to proceed with counsel or proceed pro se); *Jones v. Walker*, 540 F.3d 1277, 1290-91 (11th Cir. 2008) (finding valid waiver

when defendant discharged his attorney); *Meyer v. Sargent*, 854 F.2d 1110, 1114 (8th Cir. 1988) (finding valid waiver when defendant discharged counsel after repeated warnings that replacement counsel would not be appointed).

Even after making such an inference of waiver of the right to counsel, and before allowing a defendant to proceed pro se, a court should ensure that the defendant has knowingly and intelligently waived the right to counsel. *Faretta*, 422 U.S. at 835. To ensure a valid waiver, the court should make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and his awareness of the dangers of self-representation. *See Iowa v. Tovar*, 541 U.S. 77, 89, 92 (2004) (explaining that "the information a defendant must have to waive counsel intelligently will 'depend . . . on the particular facts and circumstances surrounding the case'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).

Finally, before allowing a defendant to proceed pro se, the court must ensure that he is able and willing to abide by the rules of procedure and courtroom protocol. *See Williamson*, 859 F.3d at 863 (holding district court's decision allowing defendant to proceed proper where court warned defendant that if he represented himself, the judge would not be able to advise him on how to try his case, he would be responsible for determining the defenses he could raise at trial, and the procedural rules of the courtroom would not be relaxed for his benefit).

If a defendant is permitted to proceed pro se, it is advisable to appoint stand-by counsel to be on hand to assist a defendant; a court may, over a pro se defendant's objections, permissibly appoint standby counsel to assist the defendant in an advisory capacity. *See McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984).

In the instant case, the facts show that the Defendant currently is represented by competent counsel and that the Sixth Amendment does not necessarily entitle the Defendant to

11

another substitution of counsel.  The United States does not believe the Court should order the appointment of another substitute counsel in place of Mr. Robert, given the nature of the conflict created by the motion to proceed pro se filed by the Defendant, the short time before trial, and the fact that Mr. Robert is already the Defendant's sixth appointed counsel.  However, as this is not a death-penalty case, there is no legal requirement that the Defendant have two defense counsel appointed at all in this case.  Thus, the Defendant can (1) proceed with both appointed counsel, (2) proceed with Mr. Clark alone if Mr. Robert is permitted to withdraw, or (3) proceed pro se subject to the Defendant's knowing and voluntary waiver of the right to counsel at a hearing.

### III.  CONCLUSION

Based on the facts alleged in his Motion to Proceed Pro Se, Defendant Siraj Wahhaj cannot establish a Sixth Amendment right to yet another substitute counsel.  However, while not compelling substitution, the Defendant's allegations and beliefs articulated in his motion, as well as those expressed in Mr. Robert's motion to withdraw as counsel, may, in the Court's discretion, warrant withdrawal of Mr. Robert.  If the Court were so inclined, the United States proposes that the Defendant be required to choose between having Mr. Robert as a second counsel, proceeding with only Mr. Clark, or permitted to proceed pro se.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney
*Electronically Filed on May 12, 2023*

KIMBERLY A. BRAWLEY
JACKSON TAVO HALL
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to opposing counsel of record.
*Filed Electronically*
TAVO HALL
Assistant United States Attorney