IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | 18-CR-02945-WJ |
| ) | **FILED** |
| ) | UNITED STATES DISTRICT COURT |
| ) | ALBUQUERQUE, NEW MEXICO |
| vs. ) | |
| ) | AUG 21 2023 |
| ) | |
| SIRAJ WAHHAJ, ) | |
| ) | MITCHELL R. ELFERS |
| Defendant, ) | CLERK |

## MOTION TO NOT BE SHAKLED IN FRONT OF THE JURY

**COMES NOW**, Siraj Wahhaj Pro Se respectfully submits, a motion to not be shackled in from of the Jury during trial. In support thereof, Defendant submits the following: The Fifth and Fourteenth Amendments of the Constitution prohibit the use of physical restraints visible to the jury absent a trial court determination.

### INTRODUCTION

In 2005, the United States Supreme Court addressed the constitutionality of physical restraining a criminal defendant within sight of the jury:
" The Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by state interest specific to a particular trial. Such a determination may of course take into account the factors that courts have traditionally relied on in gauging potential security problems and risk of escape at trial."
Deck v. Missouri, 544 U.S. 622, 629. 125 S.Ct. 2007. 161 L.Ed. 2d 953 (2005).

Similarly, the Tenth Circuit held that " requiring a defendant in a criminal trial to wear a visible stun belt, like restraining him with visible shackles, may erode a defendant's constitutional presumption of innocence. " <u>United States v. Wardell. 591 f.3d 1279. 1293-94 (10th Cir. 2009)</u> But even when a defendant is visibly restrained during a jury trial, a court " should not " presume prejudice' when there is no evidence that the jury noticed the [restraints]." <u>( quoting United States v. Mckissick. 204 F.3d. 1282.1299 (10th Cir. 2000))</u>

    Since being allowed to proceed Pro Se in May 26, 2023, defendant had consistently abided by the Court rules and procedures, there have not been any incidents. The Court allowed the defendant to stand at the podium on numerous times with one arm free to cross examine witnesses without any issues. Defendant ability to navigate the podium, to cross examine witnesses, to address the Jury in opening statements and closing arguments would be impossible to conceal shackles.

## CONCLUSION

    Defendant is concerned about the appearance of prejudice the jury may have against the defendant if he is shackled in front of the jury. Therefore, for the foregoing reasons and interest of justice, defendant is respectfully requesting this Court to grant defendant's motion to not be shackled infront the of jury during trial.

                                                             Respectfully Submitted,

                                                              by. *[signature]*
                                                              Siraj Wahhaj
                                                              414151

Siraj Wahhaj
Federal detainee # 00414151
P.O. Box 3540
Milan, NM 87021

Legal Mail

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
AUG 21 2023
MITCHELL R. ELFERS
CLERK

Mitchell R. Elfers
United States District Court
Clerk, District of New Mexico
Office of the clerk
333 Lomas Blvd N.W.
Suite 270
Albuquerque, NM 87102-227470

Legal mail